## RIGHT WAY CLEANERS v. KNAPPEN-BERGER.

No. 11603—Opinion Filed July 24, 1923.

(Syllabus.)

**1. Trial—Demurrer to Evidence—Effect After Both Parties Rest.**

A demurrer to the evidence filed after both parties rest will be considered as a motion for a directed verdict.

**2. Trial—Motion for Directed Verdict—Consideration.**

In considering a motion for a directed verdict, all facts and inferences in conflict with the evidence against which the action is to be taken must be eliminated entirely from consideration and totally disregarded, leaving solely the evidence for consideration which is favorable to the party against whom such action is leveled.

Error from County Court, Tulsa County; Shell S. Bassett, Judge Pro Tem.

Action by W. E. Knappenberger against Right Way Cleaners. Judgment for plaintiff, and defendant brings error. Affirmed.

Nelson & Blair, for plaintiff in error.

G. C. Spillers, for defendant in error.

KANE, J. This was an action for damages for injury by fire done to some wearing apparel belonging to plaintiff while in the possession of the defendant as dry cleaners.

Originally the case was tried before a justice of the peace, resulting in a judgment in favor of the plaintiff in the sum of $30. A trial de novo on appeal to the county court likewise resulted in a judgment in favor of the plaintiff in the sum of $30. It is to reverse this latter judgment that this proceeding in error was commenced.

The record discloses that the plaintiff introduced his evidence and rested, and that thereupon the defendant introduced its evidence and rested. After the evidence of both parties was all in, the defendant filed a demurrer to the evidence, which was overruled, and the cause submitted to the jury with the result hereinbefore indicated. That the court erred in overruling the demurrer to the evidence introduced by the defendant below is the only question presented for review in this proceeding in error.

Counsel for plaintiff in their brief say that there was no demurrer to the evidence in the court below, because the record shows the same was not filed within the time required by section 5002, Rev. Laws 1910, which provides in part as follows:

"The party on whom rests the burden of the issues must first produce his evidence; after he has closed his evidence the adverse party may interpose and file a demurrer thereto, upon the ground that no cause of action or defense is proved."

It is contended that, inasmuch as the demurrer was not filed until after the close of all the evidence, it was filed out of time, and therefore should not be considered. Counsel for the defendant concede that the statute was not strictly followed, but say that the contention of opposing counsel is too technical to receive serious attention at the hands of the court, and that the demurrer to the evidence ought to be considered as though filed in time. If we concede this contention, which we readily do, we are unable to perceive that the defendant is any better off. Counsel for defendant concede in their brief that the plaintiff introduced sufficient evidence to make a prima facie case against the defendant, and that if the demurrer had been filed at the close of the plaintiff's evidence, as required by statute, it must necessarily have been overruled.

Considering the demurrer as a motion for a directed verdict, which is the proper practice after the evidence is all in, we find the rule applicable to the consideration of such motions stated in Cooper v. Flesner et al., 24 Okla. 47, 103 Pac. 1016, substantially as follows:

"In considering a motion for a directed verdict, all facts and inferences in conflict with the evidence against which the action is to be taken must be eliminated entirely from consideration and totally disregarded, leaving solely the evidence for consideration which is favorable to the party against whom such action is leveled."

If this rule was observed by the trial court, and it is fair to assume that it was, it is fairly obvious that, in the circumstances of this case, no error was committed in overruling the demurrer to the evidence.

For the reasons stated, the judgment of the trial court is affirmed.

All the Justices concur.