## KANSAS CITY SOUTHERN RY. CO. v. TUCKER.

No. 13963—Opinion Filed May 5, 1925.

(Syllabus.)

**1. Trial—Demurrer to Evidence—Effect.**

Where, at the close of all the evidence, defendant interposes a demurrer to plaintiff's evidence, same will be considered and treated as a motion to direct a verdict in favor of the defendant.

**2. Same—Consideration.**

The question presented on a motion to direct a verdict is, whether, admitting the truth of all the evidence in favor of the party against whom the action is contemplated, together with all the inferences and conclusions that may be reasonably drawn therefrom, there is enough competent evidence to reasonably sustain a verdict in favor of such party.

**3. Same—Right of Defendant to Directed Verdict.**

Where there is no competent evidence offered at the trial by plaintiff in support of the material allegations of her petition, it is error for the court to refuse to direct a verdict for defendant.

Error from District Court, LeFlore County; E. F. Lester, Judge.

Action by Frankie Tucker against the Kansas City Southern Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Joseph R. Brown and James B. McDonough, for plaintiff in error.

R. P. White and L. V. Reid, for defendant in error.

PHELPS, J. For convenience the parties will be referred to as they appeared in the trial court.

The facts as disclosed by the record are substantially as follows: On April 16, 1921, plaintiff and her husband, being in the city of Poteau, Okla., went to the bank and cashed a check for $500, receiving that amount in currency, placed the same in her purse, or hand bag, took the same to the home of her husband's mother and placed said hand bag in her traveling bag, or suit case. Later in the day, in preparation for a journey from Poteau to Stillwell, plaintiff opened her traveling bag, took out the purse and removed therefrom $10, gave it to her husband and replaced the balance of the money in her purse, and fastened it with the clasp. Very soon thereafter plaintiff, in company with her husband and with her five months old baby in her arms, and with the hand bag swinging on her left arm by a strap or handle, entered a taxicab and went to the depot of defendant, preparatory to taking passage on defendant's train from Poteau to Stilwell. After waiting some ten or fifteen minutes the train came and plaintiff boarded said train, carrying her baby in her arms, with the purse still swinging on her arm, her husband carrying their traveling bag onto the train. They found seats near the middle of the coach, plaintiff's husband sitting next to the wall of the chair car, and plaintiff sitting in a chair next to the aisle beside her husband with her baby on her lap, having removed her purse from her arm, laying it in the seat and sitting upon it.

After they had proceeded on their journey for 18 or 20 miles the train stopped at Spiro, and as the passengers were passing off and onto the train, plaintiff and her husband moved forward towards the front end of the coach and across the aisle from where they had been sitting, plaintiff leaving her purse in the seat from which she moved. As the train was moving away from the station at Spiro, plaintiff missed her purse and requested her husband to go back to the seat from which they had moved and make a search for it. He did so, and found that a man named Stahl, who had boarded the train at Spiro and had sat down in the seat vacated by the plaintiff or her husband, had discovered the purse between the chair arms and had carried it out of

the coach and delivered it to the train auditor. The train auditor made some inquiry as to the ownership of the purse, but failing to find the owner, laid it on a seat with his personal belongings while he checked the train. When the owner was finally found and the purse returned to her the $490 in currency was missing therefrom, and plaintiff brought this action in the district court of Le Flore county against the defendant, alleging that the train auditor received the purse as an agent and employe of defendant, and either appropriated the contents of the purse or carelessly allowed someone else to do so and prayed for judgment for the $490, with interest. The cause was tried to a jury, resulting in a verdict for the plaintiff for the full amount sued for, and from the judgment rendered on such verdict and the court's order overruling its motion for a new trial, defendant prosecutes its appeal to this court.

As grounds for reversal the defendant urges that the court erred in overruling its demurrer to plaintiff's evidence made at the close of all the evidence. A demurrer so made is treated as a motion to direct a verdict, or request for a peremptory instruction for the jury to return a verdict for the defendant It consequently presents the question whether, admitting the truth of all the evidence given in favor of the plaintiff, together with such inferences and conclusions as may be reasonably drawn therefrom, there is competent evidence to reasonably support a verdict and judgment for plaintiff. Rightway Cleaners v. Knappenberger, 90 Okla. 277, 217 Pac. 399; Chickasha Investment Co. v. Phillips. 58 Okla. 760, 161 Pac. 223.

Then, let us consider the evidence in the light of this demurrer, which questions the sufficiency thereof. The plaintiff alleged that the $490 was contained in the hand bag when it came into possession of Bare. the train auditor and agent of defendant; this is a material allegation and an essential part of plaintiff's case. Before plaintiff would be entitled to recover, her evidence must show that this money was delivered and accepted, expressly or impliedly, by the defendant through its agent and employe. St. L. & S. F. Ry. Co. v. Giddings, 65 Okla. 236, 165 Pac. 904; Schaff v. Samuels, 109 Okla. 133, 234 Pac. 195.

The evidence shows that the last time the plaintiff saw the money was when she gave her husband the $10 in Poteau. with which to buy their railroad tickets. The bag containing the money was not locked, but was an ordinary hand bag fastened with clasps and easily opened. She carelessly left it containing this sum of money on a seat in a crowded train. It was picked up by a man who delivered it to the train auditor. and who asserts that he did not open it until the conductor came and was entirely ignorant as to its contents. The train auditor and conductor testified that the money was not in the bag when they opened it soon after it was delivered to the auditor, and there is no evidence which reasonably tends to show that the money was in the bag. The plaintiff alleges in her petition that the agent of the defendant received the money and either appropriated it to his own use, or cared for it so carelessly that it was stolen. There is a total failure of proof to sustain these allegations. There are many ways in which plaintiff might have lost the money, and in arriving at the verdict the jury returned, they, of necessity, arrived at it upon mere speculation and without evidence more than bare suspicion to support it. It was essential that plaintiff show that the defendant, through its agent, had received the money. and as there is no evidence showing this fact, we think the court erred in overruling the demurrer to the evidence under the rules above laid down. St. L. & S. F. Ry. Co. v Bloom, 39 Okla. 78, 134 Pac. 432. Taking this view of the case, we consider it unnecessary to consider other assignments of error. The case is therefore reversed and remanded to the district court of Le Flore county with instructions to vacate the judgment and grant a new trial.

All the Justices concur, except LESTER, J., who tried the case below, not participating.