## JAMAR v. BRIGHTWELL.

No. 21456.   Opinion Filed Feb. 21, 1933.

Melton & Melton, for plaintiff in error.

Bond, Hatcher & Bond, for defendant in error.

ANDREWS, J. The parties hereto appear in the same order in which they appeared in the trial court. They will be referred to herein as plaintiff and defendant.

The unquestioned facts as disclosed by the record are that the defendant furnished his minor son with an automobile to be used in going to and returning from school at Blanchard, Okla.; that on the 8th day of April, 1929, the son attended a ball game between the Blanchard and Newcastle schools at a place some seven or eight miles north of Blanchard; that while returning to his home and while at a point some one and three-quarters miles from the place where the ball game had been played, he attempted to pass a truck on the road, struck the truck, overturned the defendant's car, and caused the death of a minor son of the plaintiff.

At the conclusion of the evidence of the plaintiff, the trial court sustained a demurrer thereto and the plaintiff appealed to this court.

The plaintiff contends that baseball is one of the school activities, and that when the defendant furnished an automobile to his son for use in going to and returning from school, he furnished that car for the purpose of going to and returning from the baseball game. When analyzed, that contention amounts to this, that it is the duty of a father, under the statutes of Oklahoma, to send his minor son to school and to the various ball games in which that school engages. We do not concur in that contention. We know of no rule requiring a father to send or permit his minor son to attend baseball games. There was no evidence tending to show any consent on the part of the defendant to the use of the car for that purpose.

We make no finding herein as to whether or not the evidence shows any negligence on the part of the son of the defendant.

The rule in this state is that the owner of an automobile is responsible for injuries inflicted by the driver of the car only when the driver thereof was acting as the agent or servant of the owner and within the scope of his employment or agency at the time of the injury. Stumpf v. Montgomery, 101 Okla. 257, 226 P. 65. The fact that a car is being driven by one of the members of the family of the owner of the car at the time an injury to another occurs does not make the owner of the car liable for the damage sustained from the injury, and a

person asserting a liability on the part of the owner must show that the driver of the car was acting as the servant or agent of the owner at the time of the injury. The rule is clearly stated in the cited case in a quotation therein from Watkins v. Clark (Kan.) 176 P 131, as follows:

" 'The purchase of an automobile by the defendant for the use of his family, including his daughter, operated as a gift to them of the right to use it. When using it to accomplish his purposes, whether business or pleasure, they represent him, but when they exercise their privilege and use it to accomplish their own distinct purposes, whether business or pleasure, they act for themselves, and they are alone responsible for their negligent conduct. The fact that the automobile was purchased for use by the owner's family did not make him generally responsible for its subsequent operation, and because the car was subject to appropriation by the members of his family for their own use, there is no presumption that any particular trip was made in his behalf. The use made of the car on any particular occasion is a question of fact, to be determined by evidence showing the fact, and in this instance there was no evidence that anybody was concerned except the daughter'."

That rule finds support in Huddy on Automobiles (6th Ed.) secs. 659 and 660; Hays v. Hogan (Mo.) 200 S. W. 286; Spencer v. Fisher (Cal.) 193 P. 255; Clawson v. Schroder (Mont.) 208 P. 925, and McFarlane v. Winters (Utah) 155 P. 437.

The plaintiff contends that, since no evidence was introduced by the defendant to rebut the presumption that the driver of the car was acting as the agent of his father, the court committed error in sustaining the demurrer to the plaintiff's testimony. That would be true if the plaintiff's testimony had been sufficient to raise a presumption, but the evidence herein was not sufficient to raise such a presumption. The plaintiff's evidence showed that the son was not on a mission for his father at the time of the injury. Such evidence negatives any presumption that the driver of the car causing the injury was acting as the agent of the father and acting within the scope of his authority.

We are not dealing with such a state of facts as is shown by the record in McNeal v. McKain, 33 Okla. 449, 126 P. 742, wherein the son driving the car of his father was performing a service for his father and not a service independent of his father.

We are of the opinion that the evidence presented by the plaintiff was insufficient to make a prima facie case of negligence against the defendant, and that the trial court committed no error in sustaining the defendant's demurrer to the plaintiff's evidence.

The judgment of the trial court is affirmed.

SWINDALL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. RILEY, C. J., CULLISON, V. C. J., and McNEILL, J., absent.