## HYDE CONSTRUCTION CO. v. STEVENSON.

No. 27374.    Sept. 28, 1937.

Sprague & Childers, for plaintiff in error.

Finney & Cook, for defendant in error.

CORN, J. This is an appeal from a judgment rendered in the district court of McCurtain county. The parties will be referred to as they appeared in the trial court.

The plaintiff brought his action to recover $1,600 as the purchase price of gravel bought by the defendant under a contract with the plaintiff. It was alleged that the defendant entered into a contract to purchase 8,000 cubic yards of gravel at 20 cents per yard, according to the terms of the contract, and it was further alleged that the amount became due and payable, but was unpaid.

The answer admitted the contract, but claimed it was abandoned because there was an implied warranty that the gravel in question would meet the Highway Department specifications, and that when this test failed the parties mutually agreed to abandon the contract. The answer further claimed that the defendant hauled some gravel from the premises under a different arrangement, which implied abandonment of the sale.

As grounds for reversal, the defendant presents the assignments of error under five propositions, which will be discussed as presented in the appeal brief submitted to this court.

The first of these propositions is that the court erred in refusing to sustain the demurrer to the plaintiff's evidence, on the ground that the testimony was insufficient to support the allegations of the petition, first, because of a variance between the pleadings and the proof; second, because the petition sets up the contract and asks recovery for the purchase price, while the proof relates to damages for breach of contract; and third, that evidence is not sufficient to prove a cause of action even if plaintiff had sued for damages, for there was no proper evidence of damages.

The question to be decided in this respect is whether the contract in question is a contract of sale or a contract to sell the gravel. The defendant urges that if the plaintiff had a cause of action it was for damages for breach of contract, and that the plaintiff was entitled only to the measure of damages provided by section 9963, et seq., O. S. 1931.

By the terms of the contract made by the parties this was a contract of sale, the sale of a particular, ascertained property which, although incapable of delivery at the time, was in existence when the contract was made, the parties contracting in reference thereto.

Section 9973, O. S. 1931, provides:

"The detriment caused by the breach of a buyer's agreement to accept and pay for personal property the title to which is vested in him, is deemed to be the contract price."

Since the rule that a demurrer to the evidence admits all the facts which the evidence tends to prove, and inferences and conclusions which may logically and reasonably be drawn therefrom, is unquestioned, the evidence offered at the trial in the instant case was sufficient to support the allegations of the plaintiff's petition, since it was shown that the contract was made, that the defendant took possession of the premises and began sinking gravel pits and asserting ownership of the gravel concerning which the contract in question was made.

The defendant next contends that the

trial court erred in permitting the plaintiff to introduce evidence that was incompetent, irrelevant, and immaterial under the allegations of the petition. This is in reference to testimony admitted concerning how long plaintiff's teams were idle, whether he was prevented from farming and whether damaged or not. This would be true had this testimony been given in an effort to establish the amount of damages, but this was not the case, the trial court recognizing that such testimony was offered only for the purpose of showing the efforts of the plaintiff to comply with the contract. In this respect it may be noted the court refused to admit testimony regarding rental value of the land, since it did not go to establishing the plaintiff's efforts of fulfilling the contract. Under the theory upon which the trial court based its ruling, we hold this evidence properly admitted.

The defendant next asks reversal on the ground that the trial court erred in refusing certain requested instructions, stating that if the court intended to allow recovery of damages for breach of contract, instead of recovery of the contract price, as evidence the court allowed to go to the jury would indicate, the requested instruction was proper.

No evidence was admitted, or instructions given, by the court, which would indicate that the court was allowing recovery for damages for the breach instead of recovery for the contract price. The case was tried on the theory, and the evidence directed toward showing, that the defendant bought the gravel, title vesting in the defendant, and that the agreement to pay was breached.

As previously stated, this was a contract of sale, and not a contract to sell. By the terms of the contract, title to the property vested in the defendant, and section 9973, O. S. 1931, states that the "detriment caused by the breach of a buyer's agreement to accept and pay for personal property, the title to which is vested in him, is deemed to be the contract price." If actual delivery or payment was a condition precedent to the passing of title, this section of the statute could have no meaning.

An instruction is a direction by the court on the principles of law which the jury is bound to apply to the facts of the case in order to return a verdict establishing the rights of the parties as they exist under the facts. Requested instructions which do not properly submit to the jury the issues of fact raised by the evidence, to which the law of the instruction is to be applied, may properly be refused. The requested instruction failed to tender any question of fact upon which the measure of damages could be applied, and the trial court properly refused same.

The defendant further contends that the court erred in submitting certain instructions to the jury. This is based upon the trial court's first instruction, which defendant says was erroneous because it was given under the theory that the plaintiff was entitled to recover for the contract price, when all the evidence was proof of damages for the breach. The problem of the evidence and the applicability of the instruction having already been considered, we hold this proposition to be without merit.

As final ground for reversal the defendant urges that the trial court erred in overruling the motion for new trial, since the jury disregarded the evidence and instructions and rendered a verdict contrary to law.

The basis of this contention is that the plaintiff warranted this gravel to be of a particular size and fitness, there being an implied warranty to this effect. In support of this contention the defendant cites numerous cases as authority for its position in contending that there was an implied warranty of fitness of this gravel for the purpose sold. However, it is to be noted that in all these cases the buyer was relying upon the judgment of the seller. Such is not our case here, for the record reflects that the defendant sought the plaintiff out and made the contract with him, and that the plaintiff did not offer his judgment, but allowed the defendant to act as he deemed best. In fact, the defendant did not make a contract until after tests had been made.

A study of the discussion on implied warranty in Mechem on Sales, sections 1311 to 1317 and 1354, 1355, reveals that where one buys property which is in being and open to inspection, inconvenience of examination does not affect the rule, nor time and labor, and relies upon his own judgment in buying, there is no implied warranty. The same authority is cited in Abbott v. Peppers, 157 Okla. 300, 12 P. (2d) 203, and in

that case the court referred to Barnard v. Kellogg, 77 U. S. 383, 19 L. Ed. 989, wherein this was announced as the rule of the United States Court, and the better rule.

The trial court was warranted in its holding as to the evidence as well as to there being no implied warranty by the seller here such as to void the contract in question; the court was correct also in overruling motion for new trial.

Judgment of the trial court affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and HURST, JJ., concur.