MOORE, Adm'r, v. DOBYNS.

*97 P. 2d 79.*

No. 28903.    Dec. 19, 1939.

E. O. Clark, of Stigler, for plaintiff in error.

Omar M. Hudson and Guy A. Curry, both of Stigler, for defendant in error.

CORN, J. This is an appeal from an order of the district court of Haskell county sustaining a demurrer to plaintiff's evidence in an action brought to recover upon a promissory note.

March 23, 1935, Dicy Moore, administratrix of the estate of Earl Moore, sued the named defendants alleging that: April 19, 1919, defendants executed and delivered to Earl Moore their promissory note in the amount of $4,000, due November 1, 1919; August 13, 1926, Earl Moore died intestate and plaintiff was duly appointed administratrix and was holding the note; said note was past due, no interest having been paid after January 1, 1932; there was due and unpaid on said note the sum of $5,291.11, together with $400 attorneys' fees provided for in the note, for all of which plaintiff asked judgment.

Motions to make more definite and certain were sustained, and plaintiff amended her petition. Defendants moved to make the amended petition state the date and amount of the alleged interest payment on said note and by whom paid, the motion being sustained in part. The second amended petition was filed alleging various payments, but did not state by whom paid. Defendants' demurrers were overruled and each filed separate answers. Burl Moore was substituted as party plaintiff and replies were filed to defendants' separate answers.

Defendant Dobyns thereafter filed amended answer admitting execution of the note in suit, but specifically denied the making of any payments thereon,

and further alleged said note was paid on or before maturity, and pleaded the statute of limitations as to any claim against himself.

At the trial the following testimony was given by the parties: Dicy Moore, nee Clayton, testified she found the note sued upon in her husband's bank box, and interest was paid to her from time to time, but nothing had been paid on the principal. Burl Moore testified L. J. Lantz made interest payments to him, but nothing had been paid on the principal. Dobyns' demurrer to Burl Moore's testimony, on the ground it was not shown he had made any payments on the note, was overruled.

On cross-examination Mrs. Dicy Moore, nee Clayton, testified: All payments had been made by L. J. Lantz, and Dobyns had made no payments personally from the time of her appointment in 1926, and that she had never called upon him for any payments; the first time she made any claim upon Dobyns was in 1932, when she told L. J. Lantz Dobyns was a signer of the note, which Lantz denied. Further, she found no other note when going through the deceased's effects after his death; that Elmer Lantz was not on any note, and no other note was ever made or she would have known about it.

L. J. Lantz testified he had made interest payments, but not upon the note sued upon, but upon a note signed by himself, McDaniel, and Elmer Lantz in the amount of $4,000; that he had never talked to Dobyns concerning payments on any note to Earl Moore. Further, that he, McDaniel, and Elmer Lantz made payments through the Lantz Motor Company, but not upon the note in suit. To support this testimony the records of the corporation were introduced, showing yearly credits to the Moore account and charges against the respective accounts of L. J. Lantz, J. P. McDaniel, and Elmer Lantz. Lantz also testified he did not learn these payments were being credited upon the note in suit until 1932, and that he had not seen this note from the time it was executed until about 1933; Lantz denied owing anything on the note sued upon, but admitted owing a balance on the note alleged to have been signed by himself, McDaniel, and Elmer Lantz.

The testimony of Elmer Lantz was, for the most part, in corroboration of L. J. Lantz's testimony, and was directed particularly to showing execution of a note by himself, McDaniel, and L. J. Lantz.

Defendant Dobyns testified he never made any payments on the note in suit and knew nothing of the existence of such a note until 1933, 14 years after maturity and after this note had been paid, when L. J. Lantz informed him Mrs. Moore claimed he was on a note she held. An offer of testimony in Dobyns' behalf, going to show that the note sued upon had been taken up by another note for $4,000, signed by L. J. Lantz, J. P. McDaniel, and Elmer Lantz, was denied.

At the close of the evidence defendant Dobyns moved the court to instruct the jury to return a verdict in his behalf on the grounds the evidence neither showed him to have made any payments on the note in suit, nor had ever consented to any being made in his behalf, and that the note was barred by the statute of limitations.

L. J. Lantz and J. P. McDaniel offered to confess judgment upon the note they claimed to have executed, but not upon the note sued upon, and plaintiff accepted this offer. The court discharged the jury, sustained the demurrer to the evidence on behalf of the defendant Dobyns, and rendered judgment for plaintiff in the amount sued for, against Lantz and McDaniel.

Motion for new trial was overruled, and plaintiff has appealed, the several assignments of error being presented under two propositions. However, after careful consideration of the record, we are of the opinion it will be unnecessary to consider the propositions, and the argument in support thereof, separately, our consideration having impelled us to the conclusion the trial court erred in sustaining the demurrer to the plaintiff's evidence.

It is elementary that a demurrer to the evidence, offered by the defendant at the close of all the evidence, is to be treated as a motion for a directed verdict in the defendant's favor. Chickasha Inv. Co. v. Phillips, 58 Okla. 760, 161 P. 223; Kansas City Southern Ry. Co. v. Tucker, 108 Okla. 259, 236 P. 35.

Furthermore, it is settled law in this jurisdiction that a demurrer admits the truth of the evidence, and the inferences to be drawn therefrom, in favor of the party against whom such demurrer is directed, and the evidence favorable to the party urging the demurrer is to be disregarded, and the trial court is not permitted to weigh conflicting evidence. See Herrian v. Union Equity Corp. Exchange, 172 Okla. 393, 45 P. 2d 151; Moseley v. Smith, 173 Okla. 503, 49 P. 2d 775; Hyde Const. Co. v. Stephenson, 181 Okla. 8, 72 P. 2d 354.

In the case at bar the plaintiff brought suit on a note, alleging execution by the defendants, default in the payment, and showed her right to sue, as administratrix of the estate of the payee of such note.

The defendants admitted execution of the note sued upon, but alleged the note sued upon to have been paid by the giving of another note, upon which they paid interest. Defendant Dobyns asserted the note in suit had been paid, that he had never authorized or consented to any payment being made in his behalf, and pleaded the statute of limitations.

The plaintiff's evidence was directed to showing payments had been made, and that such payments were in behalf of the defendants, and evidence that there was no other note, as asserted by defendants.

Opposed thereto was the testimony of the defendants that they had paid the note sued upon by giving of a new note signed by Lantz, McDaniel, and Elmer Lantz, and testimony that their payments over a period of years were made upon this note and not upon the note in suit.

Such a state of facts as here disclosed clearly shows a conflict in the evidence. By reason of this conflict it was incumbent upon the trial court to allow the jury to decide from such testimony whether there was another note executed to pay the note in suit.

We, therefore, conclude the trial court erred in sustaining the demurrer to the plaintiff's evidence. The judgment is reversed and the cause remanded, with directions to grant a new trial.

BAYLESS, C. J., and OSBORN, GIBSON, and HURST, JJ., concur.