## J. R. WATKINS CO. v. PALMER.

No. 31223.   March 7, 1944.

146 P. 2d 843.

Chas. L. Yancy, Kavanaugh Bush, and Charles P. Gotwals, Jr., all of Tulsa, for plaintiff in error.

E. R. Powers and Speakman & Speakman, all of Sapulpa, for defendant in error.

OSBORN, J.  This action was instituted originally by J. R. Watkins Company, hereinafter referred to as plaintiff, against James Palmer, hereinafter referred to as defendant, and others not here involved, to recover a balance on account alleged to be due for goods, wares, and merchandise which had been sold and delivered under the terms of a contract providing for their resale. Defendant answered with a general denial, a specific denial of the execution of the contract, and a plea in abatement. Defendant also filed a cross-petition in which he sought damages for breach of contract by plaintiff in authorizing and permitting other persons to sell its wares in the territory which defendant alleged had been assigned exclusively to him. The allegations of the cross-petition were put in issue by verified answer.

When the cause came on for trial the plaintiff dismissed its petition, and trial thereupon proceeded upon the cross-petition and the verified answer thereto. The sufficiency of the cross-petition was not challenged by demurrer, but was challenged for the first time by objection to the introduction of any evidence thereunder. The objection so interposed was overruled and exceptions saved and trial thereupon was had to a jury. The only evidence introduced was that of the defendant. The evidence disclosed, in substance, that the contract between the parties was one which obligated plaintiff to sell and deliver to defendant goods, wares, and merchandise at plaintiff's current wholesale prices for the purpose of resale by defendant in certain territory described in a so-called "locality sheet" which was attached to and made a part of the contract; that plaintiff had furnished defendant with the required merchandise, and that defendant had proceeded to engage in its sale for a period of some four or five months; that during said time on two occasions the defendant wrote plaintiff and complained that a Mr. Truitt and a Mrs. Conley were selling or attempting to sell products of plaintiff in the territory which had been assigned to the defendant; that thereupon plaintiff notified defendant that the above-named parties were not authorized to sell in defendant's territory and that they would be so notified, and

directed defendant to ascertain from Mr. Truitt whether he was, in fact, encroaching upon defendant's territory; that defendant made inquiry of Mr. Truitt and was informed by him that he had not made any sales in defendant's territory. There was no evidence that either of said above parties had ever made any sales in the territory which had been assigned to defendant, although there was some evidence that they had attempted to make sales therein on several occasions. The testimony of defendant was that, during the time in which he had been engaged in the business of selling, he had been able to sell approximately $75 worth of merchandise a week. Under the terms of the contract which was introduced, the defendant received 40% on gross sales, or about $30 per week. Defendant further testified that he could have made a living out of the business had it not been for the interference therewith by Mr. Truitt and Mrs. Conley in attempting to sell in the territory of the defendant. There was no evidence that plaintiff had authorized or consented to the acts of Mr. Truitt or Mrs. Conley. The plaintiff offered no evidence, but demurred to the evidence of defendant and moved for an instructed verdict upon all of the evidence, and when these were overruled, saved proper exceptions thereto. The jury returned a verdict in favor of the defendant and assessed his recovery at the sum of $1,000. Plaintiff has appealed.

The plaintiff contends that this cause should be reversed, because: (a) The trial court was in error in not sustaining the objection to the introduction of evidence of the defendant. (b) It was error to overrule the demurrer to the evidence of defendant. (c) The court erred in refusing to sustain its motion for a directed verdict.

The defendant contends that the plaintiff has not preserved the record on the ruling on the demurrer to the evidence, because it was not set up in the motion for new trial and not included in its assignments of error. The defendant further contends that the motion for a directed verdict does not raise the question of the sufficiency of the evidence. With this contention we cannot agree. The question presented to a trial court on a motion for a directed verdict raises the same question as a demurrer to the evidence. Cooper v. Flesner et al., 24 Okla. 47, 103 P. 1016. Right Way Cleaners v. Knappenberger, 90 Okla. 277, 217 P. 399.

Since the case was tried upon the issues joined by the verified cross-petition of defendant and the verified answer of the plaintiff, the burden of proof to establish the allegations of the cross-petition rested upon the defendant. Empire Pipe Line Co. v. Spears, 172 Okla. 544, 45 P. 2d 1092.

The defendant must show not only that the relationship of principal and agent existed between J. R. Watkins Company and Guy Truitt and Mrs. Conley, at the time they entered the alleged territory of the defendant, but, in addition thereto, that the acts complained of were committed as agents and in the course of the employment of such agents. Fairmont Creamery Co. v. Carsten et al., 175 Okla. 592, 55 P. 2d 757; Crews et al. v. Garber, 181 Okla. 373, 73 P. 2d 855.

The evidence of defendant, even though it be deemed sufficient to establish the existence of exclusive territory for the sale of plaintiff's products by defendant, was wholly insufficient to establish any invasion of such territory by Mr. Truitt and Mrs. Conley as agents of the plaintiff acting within scope of their authority as such agents. The most that can be said for defendant's evidence in this respect is that two persons, who presumably had contracts with plaintiff similar to that held by defendant, had either sold or attempted to sell in defendant's territory on several different ocasions. This was wholly inadequate to establish either directly or inferentially any liability on the part of plaintiff for said acts, and on the contrary the evidence of defendant shows that in so acting said other parties apparently were acting without the knowl-

edge or consent of plaintiff, and that their acts were promptly disavowed by plaintiff, as soon as it was advised of the action of said parties.

It is well settled that where a party wholly fails to prove facts sufficient to entitle him to recover against his opponent, a demurrer to his evidence should be sustained and motion for directed verdict against him should be granted. Downtown Chevrolet Co. v. Lehman, 191 Okla. 319, 129 P. 2d 578, and cases therein cited.

The verdict and judgment in the case at bar are wholly unsupported by any evidence shown in the record, and for this reason cannot be permitted to stand.

Reversed.

CORN, C.J., GIBSON, V.C.J., and BAYLESS, HURST, and DAVISON, JJ., concur.