GEORGIA STATE SAVINGS ASS'N OF SAVANNAH, GA., v. ELIAS.

No. 31900.　Dec. 18, 1945.

*164 P. 2d 627.*

Halley, Douglass, Felix & Douglas, of Oklahoma City, for plaintiff in error.

T. Austin Gavin and A. A. Davidson, both of Tulsa, for defendant in error.

RILEY, J. This is an appeal from an order granting a new trial. The circumstances under which the order was made are unusual.

The action is for damages for alleged wrongful breach of a contract to make a loan of money on real estate. It was instituted in the district court of Creek county by Emil K. Elias as plaintiff against the Georgia State Savings Association of Savannah, Georgia. This is a second appeal. In the first trial plaintiff recovered judgment and defendant appealed, and the judgment was reversed. Georgia State Savings Ass'n v. Elias, 192 Okla. 227, 135 P. 2d 36. The nature of the case and the issues are therein fully set forth. The case was retried upon the same issues and the evidence was substantially the same. In the former appeal, this court held that the original application for the loan, signed by plaintiff, as well as the response thereto, or as stated, the "new proposal," were important in determining the contractual relation between the parties; the application, the response, and the final letter of acceptance by plaintiff constituted the contract between the parties; but plaintiff con-

structed a building in many of its major aspects of an entirely different type than that stated in the application for the loan. That fact relieved defendant of any obligation to make the loan unless plaintiff could show by competent evidence that the change in the type of building was authorized by negotiations had by him with Mr. McDonald and Mr. West, alleged agents of defendant, wherein they, or one of them, authorized the change. It was held that there was no competent evidence reasonably tending to support the view that actual authority to authorize the change in the security, that is, a changed type of building, had been conferred upon either McDonald or West, and that under the record made, no issue of fact was presented which entitled plaintiff to have the cause submitted to the jury.

In the second trial, the court, notwithstanding the opinion in the former appeal, submitted the case to the jury, and in so doing, instructed the jury:

"You are told, as a matter of law, that the letter of the defendant above referred to, and in evidence as plaintiff's exhibit No. 1, contained all the terms and requirements for the loan, and the acceptance letter of the plaintiff within the time specified constitutes the contract between the parties to this lawsuit."

The effect thereof was to eliminate the original application for the loan and particularly the statement therein as to the type of building proposed to be erected, as a part of the contract.

It was only upon the possibility that additional evidence on the question of agency might exist and be produced at a subsequent trial that the cause was remanded for a new trial. No material additional evidence was produced. But the court again submitted the question of agency and apparent authority of the alleged agent on substantially the same evidence as was produced in the former trial. Notwithstanding these instructions, the jury returned a verdict for defendant. Plaintiff's motion for new

trial set up five grounds of alleged error, none of which went to the question of the legality of the jury panel.

In the meantime the trial judge, apparently acting upon his own initiative, made an investigation of the manner in which the jury commissioners had certified the jury list for the district court and found that the jury commissioners had selected all the jurors so certified from one commissioner's district. Whereupon the court, of its own motion, quashed the panel.

On the fourth day after the return of the verdict (including Sunday) the plaintiff, apparently having learned of the action of the court in quashing the jury panel, filed an amendment to the motion for new trial, setting up that ground, i. e., that the jury panel drawn for service at that term of the court was not according to law, and that neither plaintiff nor his counsel had notice, information, or knowledge of such violation of the statute until after the return of the verdict. Plaintiff claims to have been deprived of substantial rights in the selection of the jury.

The trial court, in passing upon the motion for new trial, as amended, said:

"The court gives particular attention to the grounds stated in the amendment to the original motion for new trial, for the reason and upon the grounds that it came to the attention of the court after the trial of this case, that the jury commissioners had certified the jury list for this court, all selected from Commissioner's district Number 1, and that there were no jurors listed for service from any other part of the county, And, upon its own motion, the court quashed the panel drawn from such list and ordered the jury commission to prepare and certify a new list selected according to law from all the townships of the county, believing that the list from which this jury was selected was not in substantial compliance with the law, and therefore not a legal jury. On this, and other grounds stated in the motion for new trial, the Court sustains the motion.

"The court orders the verdict of the jury set aside, and a new trial granted."

Defendant appeals. The evidence is substantially the same as before. There was some additional evidence in the second trial that defendant made a loan on a lot in Sapulpa, upon which the improvements were suitable only for a filling station. But that evidence had no bearing upon the question of the authority of Mr. West or Mr. McDonald to authorize deviation from the type of structure specified in the original application.

At the close of plaintiff's evidence in chief, defendant demurred thereto, and at the close of all the evidence, moved the court to enter judgment for defendant. This motion was overruled; defendant excepted.

Under the law of the case as declared in the former appeal and the uncontradicted evidence, plaintiff wholly failed to establish a case, no issue of fact was presented herein which entitled plaintiff to have his cause submitted to the jury.

There was no merit in the original motion for new trial. Was the plaintiff prejudiced by the manner in which the jury list was prepared? It is manifest that plaintiff was not, for the simple reason that there was no issue of fact to be submitted to a jury.

The plaintiff had two full and fair opportunities to present evidence to sustain his contention that either West or McDonald was authorized as agent of defendant to approve the erection of a building of a materially different type than that which the court held in the former appeal plaintiff agreed to erect as a part of the security for the proposed loan. He has wholly failed. It was the duty of the trial court, under the law of the case, at the close of all the evidence, upon request, to enter judgment for defendant. Thuis v. City of Vincennes, 35 Ind. App. 350, 73 N. E. 1098. It is there held:

"A decision on appeal that, upon the

facts in the record, plaintiff cannot recover, becomes the law of the case on a subsequent appeal, wherein the record discloses a substantially unchanged set of facts."

Justice and policy of law require that litigation shall end when it becomes manifest that no cause of action exists. Under the record, defendant is entitled to judgment without regard to the verdict.

Reversed and remanded, with directions to enter judgment for defendant.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.