ST. LOUIS–SAN FRANCISCO RAILWAY
COMPANY, a Corporation,
Plaintiff in Error,

v.

Guy F. CHANDLER, W. W. Reel and Tim
McWhorter, Defendants in Error.

No. 41151.

Supreme Court of Oklahoma.

Oct. 4, 1966.

Rehearing Denied Nov. 22, 1966.

Second Rehearing Denied Jan. 24, 1967.

E. D. Grinnell, Jr., St. Louis, Mo., Franklin, Harmon & Satterfield, Oklahoma City, for plaintiff in error.

Erwin & Erwin, Chandler, for defendants in error.

IRWIN, Justice.

Defendants in error, herein designated as plaintiffs, instituted this action against plaintiff in error, herein referred to as defendant, for damages to crops caused by overflow water. The jury returned a verdict for the plaintiffs and defendant appeals from the order overruling its motion for a new trial.

FACTS

Defendant obtained a right of way running east and west adjoining the north side of the land that was overflowed and constructed a railroad embankment thereon. Defendant's right of way deed reflects it was granted a strip of land one hundred feet in width, the same to extend fifty feet on each side of the center of the railroad tract. It was authorized to use, not exceeding one hundred feet in width, such additional land as may be necessary for the construction and maintenance where there were cuts or fills.

Chandler, one of the plaintiffs, owned the land involved and Reel and McWhorter,

the other plaintiffs, leased the land on a crop sharing basis. Land to the south and southwest of the Chandler farm is higher and the natural drainage in this immediate area is generally towards the railroad embankment. Along the west property line of the Chandler farm a "draw ditch" was constructed which runs in a northerly direction towards the railroad embankment. This "draw ditch" which accommodates water draining from land south of the Chandler farm, ends or empties into a bar pit located south of and parallel to the railroad right of way. Prior to the time in question, when the water from the "draw ditch" reached this bar pit it drained in a westerly direction to the railroad bridge, which was approximately 60 yards west. This bar pit ultimately became blocked or clogged with weeds, sediment and willows; and this condition caused water to back upon the field in question and destroy the crops.

## CONCLUSIONS

Defendant contends the trial court erred in overruling its demurrer and motion for a directed verdict.

In considering this contention we find there is no evidence in the record tending to show that the railroad embankment or bridge were negligently constructed or were not constructed according to sound engineering principles; or that the passageway under the railroad bridge was not large enough to properly handle the drainage. The record discloses that the overflow or flooding was caused by reason of the bar pit becoming blocked or clogged with weeds, sediment and willows; and we find that plaintiffs' action is premised on the proposition that defendant allowed this bar pit to become obstructed.

The record does not disclose that defendant constructed the bar pit or ever maintained it. A map or plat which was introduced in evidence discloses that the bar pit is not within the fifty feet right of way. Although in defendant's right of way deed, it was authorized to use, not exceeding one hundred feet in width, such additional land as may be necessary for the construction and maintenance of the railroad where there were cuts and fills, there is no evidence whatsoever that in the area where the bar pit is located that defendant ever used more than the fifty feet from the center of the railroad tract or had more than a fifty feet right of way. In other words, plaintiffs failed to prove that the bar pit which became clogged or obstructed and caused the overflow or flooding was located within defendant's right of way or that defendant had constructed or maintained such bar pit.

In Gulf, C. & S. F. Ry. Co. v. Rutledge, 173 Okl. 245, 47 P.2d 83, we said:

"It is plain from the evidence that the defendant, railroad company, did not construct the drainage and was in no manner bound to maintain the drainage after it had been constructed. The drainage was prepared by the landowner or by his tenants, and by their creation of such drainage they could not foist upon the railway company the duty to maintain it. That being true the defendant, railway company, was under no obligation to clear the drainage ditch."

There is nothing in the record indicating that defendant constructed the bar pit or was under any duty or obligation to maintain it. This being true, defendant was under no obligation to clear such bar pit.

In J. R. Watkins Co. v. Palmer, 193 Okl. 684, 146 P.2d 843, we held that where a party wholly fails to prove facts sufficient to entitle him to recover, a demurrer to this evidence should be sustained and a motion for a directed verdict against him should be granted.

Since plaintiffs failed to prove facts sufficient to entitle them to recover, the trial court should have sustained defendant's demurrer and motion for a directed verdict.

The cause is reversed and remanded with directions to enter judgment for defendant.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, BERRY, HODGES and LAVENDER, JJ., concur.

WILLIAMS and BLACKBIRD, JJ., dissent.

WILLIAMS, Justice (dissenting).

The plat attached to brief of plaintiff in error shows that the borrow pit on the south side of the railroad and to the west of the railroad company's trestle is located on the company's right of way. Why the right of way there appears to be some 25 feet wider than the portion thereof north of plaintiff Chandler's lands is not explained.

Plaintiffs' evidence tended to show that the railroad permitted waters to flow from the west and stand and whirl at the point they were met by waters coming from the "draw ditch" at west side of plaintiff Chandler's land through the borrow ditch that came to be filled up with willows, weeds and sediment.

In a new trial plaintiff possibly could show who dug and maintained the portion of the borrow ditch in question and the effect of the slowing down of sediment-laden waters with reference to depositing the sediment.

In my opinion, at best plaintiff in error is entitled to no more than to have its motion for a new trial sustained. I believe plaintiffs should be given an opportunity to make another presentation of their evidence to a jury. The trial court could then make appropriate disposition of any demurrer to evidence or motion for directed verdict.

I respectfully dissent.

I am authorized to state that BLACKBIRD, J., concurs with the views herein expressed.