68 F.3d 483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio insurance
company; Bertha D. Cripps, individually; Vickie I. Moen,
individually; Keith A. Moen, a minor, by and through this
parent and best friend, Vickie I. Moen, Plaintiffs-Appellants,
v.
Kevin W. ETCHISON; Yancy Etchison; Regina Etchison,
Defendants-Appellees.
 No. 94-7181.
 United States Court of Appeals, Tenth Circuit.
 Oct. 20, 1995.
 
 Before BALDOCK, HOLLOWAY, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs appeal the grant of summary judgment by the district court on their claim of negligent entrustment arising from a traffic accident involving defendants' son, Kevin Etchison, an underage Oklahoma driver. After our de novo review, we agree with the district court that there is no conflict in the evidence regarding whether defendants gave their son permission to drive the vehicle involved, and, therefore, affirm the grant of summary judgment for defendants.
 
 
 3
 The parties are familiar with the facts of this case and the contentions raised on appeal. We will address those details only as necessary for our analysis.
 
 
 4
 Plaintiffs proceeded under the auspices of Okla. Stat. tit. 47 6-307 which provides:
 
 
 5
 Any person as herein defined, who is the owner of any motor vehicle and knowingly permits such motor vehicle to be operated by any person who is not qualified to operate a motor vehicle under the provisions of this act, shall be held civilly liable as a joint tortfeasor for any unlawful act committed by such operator.
 
 
 6
 Okla. Stat. tit. 47 6-307 (footnote omitted). Plaintiffs argue that the Etchisons tacitly gave Kevin permission to drive motor vehicles on public roads and are, therefore, liable for the accident. Plaintiffs, however, have not come forward with evidence sufficient to raise a genuine issue of material fact regarding this issue.
 
 
 7
 For purposes of Okla. Stat. tit. 47 6-307, permission to operate a motor vehicle can be established by direct or circumstantial evidence that such permission was given, or by evidence of a course of conduct from which such permission can be implied. Allen v. Hickman, 383 P.2d 676, 680 (Okla.1963). Plaintiffs' evidence regarding underage driving by Kevin's older brother, Chris, is insufficient to raise a factual issue as to whether the Etchisons gave Kevin permission to drive. The evidence that Kevin had driven a four-wheeler on the public roadways with his parents' permission is not evidence that he had permission to drive the family pickup on such streets. We further note that Kevin drove the four-wheeler only while he and his family believed, after having talked with the town policeman, that such operation was legal. Immediately upon learning from a highway patrolman that such driving was illegal, Mr. Etchison promptly went to town, picked up the four-wheeler, and forbade Kevin from using it again on public roadways. Plaintiffs produced no evidence to contradict this testimony. While there was evidence that the Etchisons approved of Kevin's limited use of vehicles in the pastures and yard surrounding their farmhouse, there is uncontroverted evidence that Kevin was prohibited from driving on public roads.
 
 
 8
 Kevin testified that on the morning of the accident he had seen a stray dog on the property, and that he had attempted to remove the dog from the vicinity of the family's female coon dog by driving it to a more remote location. The accident occurred as Kevin was returning from this task. Plaintiffs argue that in removing the stray dog from the premises, Kevin was acting in furtherance of the Etchisons' interests. In support of this theory, plaintiffs cite Jamar v. Brightwell, 19 P.2d 366 (Okla.1933). That case, however, holds that "the owner of an automobile is responsible for injuries inflicted by the driver of the car only when the driver thereof was acting as the agent or servant of the owner and within the scope of his employment or agency at the time of the injury." Id. at 367. Plaintiffs do not elaborate on the family interest theory perhaps because of Allen, 383 P.2d at 680, which holds that:
 
 
 9
 [t]he so-called "family purpose doctrine" is not followed in this state (Jamar v. Brightwell, 162 Okl. 124, 19 P.2d 366; 88 A.L.R. 604). In the vast majority of jurisdictions in which the liability of the owner may be predicated upon his consent to the use of the automobile by a negligent driver, the owner of the car is not liable for the negligence of another in operating the same at a time and place (or for a purpose or on an occasion) outside the terms of the consent given.
 
 
 10
 Id. at 680. Plaintiffs' family interest theory, therefore, like their negligent entrustment theory, comes down to a question of permission.[2] As we have explained above, plaintiffs raise no issue of material fact to dispute defendants' claim that they never gave their son permission, either express or implied, to drive a motor vehicle on the public roads.
 
 
 11
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Even if plaintiffs were making a simple argument based on the law of agency, permission would still be a critical element of that relationship. See Smith v. St. Francis Hosp., Inc., 676 P.2d 279, 281 (Okla.Ct.App.1983)(holding that a principal-agent relationship "results from the manifestation of consent by one person to another that the other shall act for his benefit and subject to his control, and consent by the other to so act"), cert. denied, Jan. 31, 1984