## MATTHEWS et al. v. MOUNTS, Receiver.

No. 9875—Opinion Filed March 15, 1921.

Rehearing Denied May 10, 1921.

(Syllabus.)

### 1. Trial—Motion to Direct Verdict—Consideration.

The question presented to a trial court on a motion to direct a verdict is whether, admitting the truth of all the evidence that has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn therefrom, there is enough competent evidence to reasonably sustain a verdict should the jury find in accordance therewith.

### 2. Same— Peremptory Instructions —Province of Jury.

When any competent evidence has been presented for consideration of the jury reasonably tending to prove the issues, the court should deny a motion for a peremptory instruction and, under proper instructions from the court, the cause should be submitted to the jury for their determination.

### 3. Same.

The trial court should not direct a verdict where it is necessary to weigh the evidence to determine where the preponderance lies.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by Finley P. Mounts, receiver of M. Rumely Company, against J. B. Matthews and E. F. Neal, on promissory notes. Judgment for plaintiff, and defendant E. F. Neal brings error. Affirmed on condition of a remittitur; otherwise, reversed and remanded for a new trial.

Mounts & Davis and Tisinger & Bernstein, for plaintiffs in error.

Massingale & Duff, for defendant in error.

NICHOLSON, J. This action was commenced in the district court of Tillman county, by the defendant in error against the plaintiffs in error, to recover the sum of $88.21, with interest thereon at the rate of 6 per cent. per annum from the 12th day of November, 1915, and the further sum of $1,039.19, with interest thereon at the rate of 6 per cent. per annum from the 16th day of November, 1915, and for the sum of $1,039.19, with interest thereon at the rate of 6 per cent. per annum from the 16th day of November 1915, upon three promissory notes executed by the plaintiffs in error to Garr-Scott & Company, which notes were afterwards and before maturity sold and in-

dorsed to M. Rumely Company. The defendant J. B. Matthews made default, and on May 13, 1916, judgment was rendered against him. On June 11, 1917, by order of the trial court, the Advance-Rumely Company, Inc., was substituted as party plaintiff.

The defendant E. F. Neal answered in said cause, admitting the execution of the notes sued upon and pleading that he had paid the sum of $100 on said notes in the year 1910, the sum of $900 in the year 1911, and the sum of $1,200 in the year 1912; that the payments made in 1912 were paid by the owners and holders of said notes collecting from different parties for whom the defendant did threshing during said year; that he had a verbal agreement with the owners of said notes that they were to receive the proceeds of said threshing machine made during the threshing seasons of 1910, 1911, and 1912, less the expenses of running said machine, and that the owners of said notes collected the sum of $1,200 during the year 1912, and that the same should be applied as payment upon said notes. Upon the trial of said cause the defendant E. F. Neal, having admitted the execution of the notes sued on, assumed the burden of proof and was the only witness who testified in his behalf. At the conclusion of the evidence of the defendant E. F. Neal, he rested, and thereupon the plaintiff demurred to the evidence on the grounds that it was incompetent, irrelevant, and immaterial and that it wholly failed to establish any defense on the part of said defendant, which demurrer was by the court overruled. The plaintiff then introduced its evidence and rested, and thereupon moved the court to direct the jury to return a verdict in its favor against the defendant E. F. Neal for the full amount prayed for in its petition. This motion was by the court sustained and the court rendered judgment in favor of the plaintiff and against the defendant for the sum of $2,403.05, with interest at the rate of 6 per cent. per annum from the 17th day of September, 1917, and it is this action of the trial court of which the plaintiff in error Neal complains.

The witness E. F. Neal testified that he had paid the sum of $100 to the holders of said notes in the year 1910, and in answer to question of how much was paid in 1911 he said: "There was something about $900 or $950—maybe $1,000. I don't know exactly." That part of his testimony is corroborated to a certain extent by the fact that the then owners and holders of the notes sued on and other notes gave him credit for the sum of $955. With reference to the payments made in 1912, the witness testified as follows:

"Q. Do you know how much money the thresher took in during 1912 in round numbers? A. In the neighborhood of $2,400 or $2,300—maybe $2,500. Q. Do you know how much of that money that was made in 1912 was used in payment of these notes? A. Somewhere about $1,200—maybe a little over, maybe a little less."

The plaintiff in error insists that this evidence was sufficient to take the case to the jury, and that the court erred in directing a verdict. In Moore v. First Nat. Bank of Iowa City, 30 Okla. 623, 121 Pac. 626, this court announced the rule to be that:

"The question presented to the trial court on a motion to direct a verdict is whether, admitting the truth of all the evidence that has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn therefrom, there is enough competent evidence to reasonably sustain a verdict should the jury find in accordance therewith."

Therefore, applying this rule to the evidence of the defendant, can it be said that had the jury found that the defendant had paid the sum of $1,200 upon the notes sued on, the verdict should have been set aside by the trial court? The evidence of the defendant is very indefinite and uncertain—but if the jury had believed his testimony, they might have been justified in finding that he had made this payment. If there was any evidence introduced reasonably tending to establish the averment in his answer, it was error for the court to direct a verdict for the plaintiff. Cole v. Missouri, K. & O. R. Co., 20 Okla. 227, 94 Pac. 540; St. Louis & S. F. R. Co. v. Jamieson, 20 Okla. 654, 95 Pac. 417. The trial court cannot direct a verdict where it is necessary to weigh the evidence to determine where the preponderance lies. Missouri, O. & G. R. Co. v. Smith, 55 Okla. 12, 155 Pac. 233; Phoenix Ins. Co. of Hartford v. Newell, 60 Okla. 207, 159 Pac. 1127; Freeman-Sipes v. Henson, 26 Okla. 799, 110 Pac. 909. The jury might have found from the evidence of the defendant that he paid the sum of $1,200 on the notes in 1912, and if it had been so found, the verdict could rightfully have been permitted to stand.

We conclude that the trial court erred in refusing to submit the issues to the jury. The defendant in error in his brief suggests that, inasmuch as the payments which defendant alleges should have been allowed were not sufficient to liquidate the claim of the plaintiff even though this court should find that there was some evidence of payment which the trial court should have submitted to the jury, still it must be conceded that the plaintiff was entitled to judg-

ment against the defendant Neal for the difference between the amount claimed, with interest, and the amount the defendant showed he had paid the plaintiff, and insists that the judgment should not be reversed, but should only be modified to the extent of such credit. Under the evidence of the defendant Neal, he was not entitled to credit to an amount to exceed $1,200, but the jury might have found that he was entitled to a credit for this amount. Following the suggestions of the defendant in error, we conclude that if within 15 days from the rendition hereof the defendant in error shall file with the clerk of this court a remittitur in the sum of $1,200, with interest thereon at the rate of 6 per cent. per annum from the 1st day of January, 1913, to the 17th day of September, 1917, the judgment for the difference between such sum and interest and the sum of $2,403.05, with interest on such difference at the rate of 6 per cent. per annum from the 17th day of September, 1917, will be in all things affirmed, but if said remittitur is not made within fifteen days, the judgment to stand reversed and the cause remanded for a new trial.

HARRISON, C. J., and PITCHFORD, McNEILL, and ELTING, JJ., concur.