## WEBB v. LAWSON.

No. 11840—Opinion Filed Dec. 11, 1923.

1. **Forcible Entry and Detainer—Defense —Verbal Agreement—Province of Jury.**
In an action under the forcible entry and unlawful detainer act, where the defendant interposes a verbal agreement as his defense, the facts and circumstances of such agreement are for the jury to determine under proper instructions of the court.

2. **Same—Verbal Extension of Lease.**
Where the plaintiff in such an action shows that the defendant was his tenant during the year 1919 under a written contract, which provided that the term of the contract commenced January 1, 1919, and ended December 31, 1919, and the tenancy should terminate on last date without further notice, a verbal agreement before the end of the year to rent the land for the year 1920 does not affect the terms of the contract and does not involve the tenancy of said contract, but creates a new tenancy to commence after the expiration of the first, and in such a case it is error for the court to take the issues of fact from the jury.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from Superior Court, Creek County; Gaylord R. Wilcox, Judge.

Action by V. G. Lawson against Marion Webb. Judgment for plaintiff, and defendant appeals. Reversed.

Thompson & Smith, for plaintiff in error.

R. B. Thompson, J. A. Watson, and Smith & Walker, for defendant in error.

Opinion by THREADGILL, C. The plaintiff in error was defendant and the defendant in error plaintiff in the trial court, and they will be referred to in this opinion as they were there.

On January 5, 1920, the plaintiff brought suit in the justice court under the forcible entry and unlawful detainer act, for possession of S. ½ of S. E. ¼ of section 19, and N. ½ of N. E. ¼ of section 30, township 17 north, range 10 east, in Creek county, and obtained judgment against the defendant. The cause was appealed to the superior court of said county and tried de novo to a jury at the March, 1920, term of said court, and resulted in a judgment by order of the court instructing the jury to return a verdict for plaintiff.

The defendant excepted to the order of the court directing a verdict for the plaintiff and the cause is brought here by petition in error and case-made for review.

The facts in the case were substantially as follows: The defendant by written contract was the tenant of the plaintiff and in possession of the above described land for the year 1919. The contract provided that the term should be for one year, commencing January 1, 1919, and ending December 31, 1919, "when said tenancy shall expire without further notice." In October, 1919, the plaintiff rented the land to another party and gave defendant notice to give possession January 1, 1920. The defendant, failing to give possession, the plaintiff served him with notice to quit, and refusing to quit, plaintiff brought this action for possession. The defendant contended that in September, 1919, he made a verbal contract with the plaintiff to rent the place for the year 1920, which agreement was to be put in writing, but was not put in writing, and the consideration was to be the same as in 1919. The testimony as to this contract was conflicting, the defendant asserting and the plaintiff denying the contract. When both sides rested the court made the following statement to the jury:

"The undisputed evidence in this case is that this plaintiff and the defendant entered into a contract in writing whereby the plaintiff leased this land to the defendant for the year 1919 and that contract did not expire until December 31, 1919. And, under the written terms of this contract, the parties agreed that said tenancy shall expire without further notice, that is, on December 31, 1919. Now, under the terms of that written contract, the tenancy between the part-

ies ceased December 31, 1919. Now as a matter of law, the parties could not violate the terms of that contract by oral agreement, and if we accept the testimony of the defendant as true, that the tenancy should be continued on after December 31, 1919, and include the year 1920, as a matter of law, that agreement would be void, because under the statute of this state, the law of this state, a contract not in writing, may be altered in any respect by the consent of parties, not. in writing without consideration and continued thereby. A contract in writing may be continued by contract in writing or by oral agreement, and, not otherwise.

"Gentlemen of the jury, you are instructed to return a verdict in favor of the plaintiff and against the defendant."

1. The defendant contends that the court committed error in not submitting the issues of fact to the jury and erred in directing a verdict for the plaintiff as set out above, and we think the defendant's contention is correct.

It is a well-known and oft-repeated rule of this court that questions of fact are to be determined by the jury under proper instructions of the court. Phoenix Ins. Co. v. Newell et al., 60 Okla. 207, 159 Pac. 1127; Haddock v. Sticelber & Mong, 65 Okla. 254, 165 Pac. 1158; Oklahoma Auto Co. v. Goulding, 73 Oklahoma. 176 Pac. 400; Matthews et al. v. Mounts, 81 Okla. 245, 197 Pac. 708.

The court took the view that the written contract for 1919 was of such a nature that a contract for 1920 could not be made by the parties without the same was in writing. He seemed to understand that a contract for 1920 would be a continuance of the tenancy of 1919, and, therefore, such a change of the written contract for 1919 as would require a contract in writing, but we do not so understand the two contracts. There is no conflict in them. The first was in writing and created a tenancy for the year 1919, and was to end without notice on December 31, 1919. This contract was complete, definite, and certain as to time and substance. The verbal contract the defendant set up as his defense to the action was to commence January 1, 1920, and continue for that year. This would not be a continuance of the tenancy under the written contract; it would be a new tenancy, a tenancy after the other expired, and in no way connected with it. The verbal contract, not involving any matters stated in the written contract, could not be in the nature of changing the terms of the same.

The plaintiff in error, by permission of the court, has filed typewritten brief, however informal, and the defendant in error has failed to file brief or give any excuse for

not doing so, and since the plaintiff in error's brief seems to be supported by the facts, authorities, and sound reason, the court is of opinion that the judgment of the trial court should be reversed and a new trial granted, and it is hereby so recommended.

By the Court: It is so ordered.