## KEISER v. KILE.

No. 21260.   Oct. 24, 1933.

Wilcox & Swank, for plaintiff in error.

Brown Moore and Guy L. Horton, for defendant in error.

CULLISON, V. C. J. Kile brought suit against Keiser in the court below seeking to recover money judgment for slander of title. Parties will be referred to as they appeared in the court below.

A man by the name of Brown was the original owner of the land. Brown executed two mortgages to defendant, Keiser, one for $1,500 and a second mortgage for $112.50.

Keiser became ill and upon advice of physicians moved to California. Keiser did

not record his second mortgage until October 20, 1908.

On August 4, 1908, two months and 16 days before Keiser recorded his second mortgage, Brown conveyed the land to the plaintiff, Kile. In 1911, plaintiff, Kile, defendant in error, contracted to sell the land, at which time it was discovered that the $112.50 second mortgage had been placed of record October 20, 1908.

The case was tried to court and jury. At the conclusion of the trial plaintiff moved the court for an instructed verdict in favor of plaintiff for the amount sued for, which motion was sustained by the court directing the jury to return a verdict for plaintiff in the amount sued for, regardless of the request of the defendant that the question of whether or not the acts of defendant were malicious was a question for the jury, and that the same be submitted to the jury.

Defendant appeals to this court, and the question decisive of this appeal is whether or not the action of the trial court in directing a verdict for plaintiff was error.

Plaintiff claims that this was the first knowledge (1911) he had that this mortgage existed, and that at all times thereafter defendant had been a nonresident of the state of Oklahoma.

In order to carry out plaintiff's contract to convey said land, he paid the amount of the mortgage against said land, and later instituted suit against defendant for slander of his title, because of the recording of said mortgage, after plaintiff had acquired title to said property. The maker of the mortgage owned no interest in said land at the time of the recording thereof.

The record further discloses that defendant did not know that the land had been sold by Brown to plaintiff at the time defendant recorded his mortgage.

The principal element in a suit for slander of title is malice. There must have been some malicious intent upon the part of defendant at the time of doing the act complained of to constitute malice.

In the case of Ward v. Mid-West & Gulf Co., 97 Okla. 252, 223 P. 170, this court passed upon the question of slander of title, and held:

"Malice or want of good faith and want of probable cause are essential elements of the action of slander of title, and damages cannot be recovered where it appears that such element is absent. Where defendant acts in pursuance of a bona fide claim which he is asserting honestly, although without right, as eventually appears from an adjudication by a court of competent jurisdiction, such defendant will not be penalized in damages for asserting such bona fide claim in good faith. * * *"

In the more recent case of New England Oil & Pipe Line Co. v. Rogers, 154 Okla. 285, 7 P. (2d) 638, at page 290 of Okla. Reports, this court announced the following rule:

"And: 'The question of whether the publication was actuated by malice is ordinarily one for the jury. If there is any evidence of malice, the question of malice should be submitted to the jury'."

We observe that under the holding of this court in the Ward Case, it is necessary that defendant act maliciously or that his conduct shows lack of good faith and want of probable cause before plaintiff can recover. But where defendant acts in good faith in asserting a bona fide claim, he will not be penalized in damages.

We further observe that the rule announced in the New England Case quoted, supra, holds that the question of whether the publication was actuated by malice is ordinarily one for the jury, and if there is evidence of malice, the question should be submitted to the jury.

In the case at bar the trial court directed a verdict for plaintiff in utter disregard of the rules of this court heretofore announced.

The attorney for defendant specifically called the matter to the attention of the court and requested that the matter of whether said acts were done maliciously and whether or not the same constituted slander of title should be submitted to the jury.

Under the rule previously announced by this court, the question of whether or not malice existed is a question for the jury under proper instructions from the trial judge.

In the case at bar the record is sufficient to justify submitting said cause to the jury under appropriate instructions by the trial judge, and the acts and conduct of the trial judge in directing a verdict for plaintiff were directly in conflict with the rule announced by this court and constituted reversible error.

The cause is reversed and remanded, with directions to grant defendant a new trial and proceed in accordance with this opinion.

 

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.