KIZZIAR v. PIERCE.

No. 33837.   Oct. 17, 1950.

Rehearing Denied Jan. 23, 1951.

*226 P. 2d 941.*

Gore & Gore, Altus, for plaintiff in error.

Ryan Kerr, Altus, for defendant in error.

CORN, J. This is an appeal from a judgment rendered upon a jury verdict in plaintiff's favor, in an action brought to recover damages for defendant's breach of the terms of an oral contract, alleged to have resulted in loss of plaintiff's business.

52

Plaintiff alleged she entered into an oral contract with defendant for purchase of the fixtures in a cafe owned by defendant in the city of Altus, for a consideration of $600, payable $50 down, the balance to be discharged in monthly payments according to her ability to pay, plus $25 monthly rental for the building; that she made two monthly payments of $15, plus rent, which were accepted by defendant; August 18, 1947, another payment was tendered defendant, but he declined to accept same and ordered her to leave the premises; the following day defendant took charge of the premises in violation of the contract and refused to allow plaintiff to enter thereon to continue operation of her business, although she was ready and willing to perform under the contract. Plaintiff further alleged she had an established business returning approximately $200 per month profit, which she lost because of defendant's breach. Plaintiff asked judgment for $1,000 damages.

Defendant's answer admitted sale of the cafe equipment for $600, but alleged the agreement was that plaintiff was to pay $50 down and the balance at the rate of $50 per month, plus the rent; that plaintiff failed to meet her payments, removed some of the equipment and then abandoned the premises, forcing defendant to retake possession of the building and remaining equipment, title to which he had retained under their agreement.

Upon the issue thus raised by the pleadings the case was tried to a jury, and a verdict was rendered for plaintiff in the amount of $370. The matters urged by defendant in seeking reversal of the judgment, with two exceptions, are predicated solely upon the alleged insufficiency of the evidence to sustain the judgment. Thus it is necessary to determine whether the evidence showed that defendant breached the contract and refused to permit plaintiff to remain on the premises, or whether plaintiff abandoned the premises as contended by defendant; and, if a breach of contract occurred, whether there was evidence to sustain a verdict for damages in her favor.

The evidence showed that plaintiff was desirous of taking over this particular cafe business. Her testimony was that she agreed to buy, and borrowed the $50 required for the down payment, agreeing to pay the balance as she was able to make payments, and took possession May 17, 1947. Thereafter plaintiff made payments for June and July in the amount of $15 each, for which defendant gave her a receipt, along with receipts for her rent payments. The agreement of the parties was that plaintiff should keep the fixtures and equipment in repair, although defendant retained title to same. Plaintiff testified it was necessary for her to purchase additional cooking utensils and silverware. Plaintiff and defendant had a disagreement over some food defendant sold plaintiff for use in the business. Shortly after receiving the last payment defendant advised plaintiff she would have to raise $120 he claimed to be due in addition to what she had paid, although plaintiff contended their agreement did not require this.

Plaintiff tendered her payment, and the rent, in August, but defendant refused to accept same, and plaintiff told him if he did not want her as a tenant, or if they could not work out an amicable settlement, to return her down payment and she would vacate. Defendant refused to do this and demanded that plaintiff get out. Plaintiff testified that, being unable to reach any agreement with defendant, and being tired of defendant telling her to vacate, she realized the impossibility of continuing the business under such circumstances. She then moved out her stock, withdrew her deposits and locked up the building, although she intended to hold the place until some settlement was made with defendant. The following day defendant took possession of the premises without plaintiff's con-

sent, and began some work on the building.

There was further evidence that plaintiff had an established, going business which returned a substantial profit, plaintiff having paid income tax upon $580 which she made during the period she operated the cafe. Plaintiff further testified she had performed under the contract as she understood their agreement.

Defendant introduced testimony to the effect the parties agreed plaintiff was to pay $50 per month on the fixtures; that plaintiff herself caused the dissension between the parties; that defendant offered to buy plaintiff out, but she refused to consider this. There was testimony that defendant never ordered plaintiff to vacate. Another witness testified that the day plaintiff moved out he observed the back door of the building open and advised defendant of this, and defendant requested him to nail the door shut, which the witness did.

Defendant testified he desired to dispose of the cafe fixtures and when plaintiff inquired about buying he priced the establishment at $600, to be paid $100 down and $50 per month. Plaintiff offered to pay $50 down and like amount each month, to which defendant agreed. Plaintiff was unable to meet her monthly payments, and he accepted the $15 payments to help her, upon the understanding that she would pay the balance due in a short time. Sometime later he was in the cafe and ascertained that plaintiff had nothing left there, and asked her to cut off the electricity if she left. Upon later being advised the building was unlocked defendant asked a party to nail the door shut. He denied threatening plaintiff, but admitted he took possession after she left, had the premises cleaned up, and then leased the cafe to another party.

Under the record this matter reduces itself to consideration as to whether the evidence is sufficient to support the finding of the jury. It is elementary that where there is any competent evidence tending to support the finding of a jury, the verdict will not be disturbed on appeal. Hofstra v. Great Northern Life Insurance Co., 197 Okla. 688, 174 P. 2d 366. Although the evidence was sharply conflicting as to the agreement entered into by the parties, the jury found the agreement to be as contended by plaintiff, and there was sufficient competent evidence upon which to base such finding.

Next to be considered is whether defendant breached the contract, or whether he took possession only after plaintiff had abandoned the premises as claimed by defendant. This, likewise, presented a question of fact for the jury's determination, the evidence upon this feature being even more in conflict than that relating to the contract.

Defendant urges that under the rule announced in First State Bank, etc., v. Thomas et ux., 201 Okla. 325, 205 P. 2d 866, he had a lawful right to insist that plaintiff pay him the additional amount claimed, and to demand possession of the premises if she failed to pay. Undoubtedly it is correct that insistence upon enforcement of a lawful right does not constitute duress, intimidation or force. However, such rule has no application to instances where the evidence discloses that the party relying thereon is attempting to insist upon an obligation which is above and beyond that which his contract gave him the right to assert.

The evidence was that defendant agreed to sell to plaintiff at an agreed price, with payments upon the balance due to be made according to her ability to pay. However, after accepting her down payment and two subsequent payments upon the balance owing, the evidence was defendant insisted that plaintiff pay him an additional amount or vacate the premises. Under the contract, as the jury by the verdict found same to exist, defendant had no lawful right to demand that plaintiff pay a greater amount; or to demand that

she surrender the premises in the event she failed to pay.

As to defendant's contention that plaintiff abandoned the property, the plaintiff testified that because of defendant's conduct and conversation she found it impossible to continue operation of her business; that her attempts to work out a settlement were unavailing.

Defendant relies upon plaintiff's removal of her stock of goods and withdrawal of her deposits as showing abandonment of the premises. However, plaintiff testified that when she locked the cafe on August 18th she intended to stay with it until some settlement was made; and she retained the keys and did not give defendant permission to take over the premises, but the following day defendant entered the premises and was doing some work there.

In 1 Am. Jur., Abandonment; §8, it is pointed out that the elements of abandonment are: (1) an intention to abandon; and (2) an external act whereby such intention is carried into effect. The intention to abandon is the paramount inquiry.

And in section 9, it is stated further:

" . . . Abandonment consists of two elements-act and intention. The act of relinquishment of possession or enjoyment must be accompanied by an intent to part permanently with the right to the thing; otherwise there is no abandonment. The moment the intention to abandon and the relinquishment of possession unite the abandonment is complete, for time is not an essential element of abandonment. Therefore, in any case where a question of abandonment is involved, the important fact to be determined is what was the intention of the person whose rights are claimed to have been abandoned."

We are of the opinion that facts revealed by the record amply negative defendant's contention that plaintiff abandoned the premises and the jury was correct in so finding.

The further argument is made that there was no evidence upon which the jury could base a verdict for damages in any amount. The uncontradicted testimony was that plaintiff had an established, going business from which she had realized approximately $200 per month profits. From the evidence the jury found plaintiff lost this business as a result of defendant's conduct, and that such loss resulted in damages. The evidence is sufficient to sustain the verdict.

Defendant contends the trial court erred in refusing to give two special instructions which were requested. The first special charge requested was that the court instruct the jury to return a verdict for defendant. Such special request was of the same effect as a motion for directed verdict, and presented the same question for the trial court's consideration as a demurrer to the evidence. J. R. Watkins Co. v. Palmer, 193 Okla. 684, 146 P. 2d 843. In such instances all facts and inferences to be drawn from the evidence in favor of the party against whom the motion is directed are admitted, and all evidence favorable to the moving party is disregarded. Butler v. Civic Gas Co., 199 Okla. 597, 188 P. 2d 243. When this is done the matter should be left to the jury unless it is clear no recovery could be sustained under any view of plaintiff's evidence, the question being whether there is competent evidence to sustain a verdict in the event the jury should find in accordance therewith. Matthews v. Mounts, 81 Okla. 245, 197 P. 708; K.O. & G. Ry. Co. v. Dillon, 191 Okla. 671, 135 P. 2d 498.

The second special charge requested was to the effect the jury be instructed defendant had a right to take possession of the property unless plaintiff proved by a preponderance of evidence that defendant used force and violence to cause her to move and abandon the contract, and defining such force as being force or threats which placed

plaintiff in fear of injury or violence, thus causing her to abandon the premises.

There was no contention that defendant ousted plaintiff by force or violence, and such special charge properly was refused under the rule announced in City of Ada v. Canoy, 198 Okla. 206, 177 P. 2d 89, the evidence presenting no issue as to force or violence used by defendant.

The instructions given by the trial court advised the jury as to defendant's theory of the case based upon plaintiff's alleged failure to comply with the contract and her alleged abandonment of the premises. Likewise, the jury was told that if plaintiff had abandoned the premises, defendant had the right to enter and take possession. The instructions given fairly and adequately submitted defendant's theory of the case, and the trial court did not err in refusing defendant's requested special instruction.

Judgment affirmed.

WELCH, LUTTRELL, HALLEY, and JOHNSON, JJ., concur.