**MISCO LEASING, INC., formerly Intercontinental Leasing, Inc., Plaintiff-Appellant,**

v.

**L. L. KELLER, Defendant-Appellee.**

**No. 73-1227.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Sept. 12, 1973.

Decided Jan. 30, 1974.

---

Richard W. Stavely, Wichita, Kan. (George L. Verity, Brown, Verity, Brown & Baker, Oklahoma City, Okl., with him on the brief), for plaintiff-appellant.

Timothy E. McKee, Jochems, Sargent & Blaes, Wichita, Kan. (Robert H. Sherman, Sherman & Gay, Oklahoma City, Okl., with him on the brief), for defendant-appellee.

Before PICKETT, HOLLOWAY and BARRETT, Circuit Judges.

PICKETT, Circuit Judge.

Misco Leasing, Inc. brought this diversity suit against appellee Keller for the recovery of moneys allegedly due on a lease agreement entered into between Misco and a third party that Keller and his associates had guaranteed. Keller denied liability on the guaranty. He contends that it fails for lack of consideration from Misco and that his execution thereof was coerced. Keller counterclaimed for damages arising out of a quiet title action on real property, the title to which was clouded by a void judgment obtained by Misco in a Kansas federal court. The trial court denied recovery to Misco and awarded actual damages to Keller in the sum of $6,572.13, and punitive damages in the sum of $10,000.00.

Keller, through "Mr. Ice Inc.," an Oklahoma corporation, was in the business of selling ice-making machines. For customers who preferred to lease the machines, Keller had an arrangement with Misco, whose principal place of business was in Wichita, Kansas,

whereby Misco would purchase the machines from Keller and lease them to qualified applicants.[1] When applications for leases were approved by Misco, Keller would install the machines and submit to Misco a certificate of completion whereupon the purchase price would be paid by Misco. According to the terms of the lease, payments due thereon were to be made directly to Misco and Keller had no further interest therein.

In June of 1966 Oklahoma Resorts, Inc. desired to lease three ice-making machines and submitted an application to Misco which, after a credit investigation, advised Keller in writing that the application had been approved, and "your proceeds will be forwarded to you upon receipt of the signed installation certificate, immediately." Relying upon this notice, Keller negotiated a thirty-day bank loan for the amount of the purchase price and bought the machines. The installation was fully completed on July 3, 1966, and the required certificate of installation was delivered to Misco. The following day Resorts executed the Misco lease. Mr. Ice Inc. and Keller had performed all of their obligations under the arrangement with Misco. On July 7 a representative of Misco appeared at Keller's place of business and stated that the Misco officials had advised him that the purchase price would not be forthcoming unless Keller and his associates personally guaranteed the lease. In substance, the advice was, "No guaranty, no money." Under these circumstances, Keller and his associates determined that there was no alternative to the execution of the guaranty.

A few months later Resorts defaulted in its lease payments and Misco instructed Keller to repossess the machines. Thereafter Misco took possession of the machines from Mr. Ice for the purpose of resale, which was never consummated, and Keller later learned that the machines had been transferred by Misco to satisfy a storage claim.

When Keller refused to make the lease payments, Misco brought suit in the United States District Court for the District of Kansas to recover on the guaranty. Upon advice of counsel, Keller did not appear in that action and a default judgment was entered against him. In order to obtain a personam jurisdiction over Keller, Misco alleged that the guaranty was executed in Kansas and that Keller did business in Kansas, both of which are false statements. A transcript of the judgment was then recorded in Oklahoma and became a cloud upon real estate owned by Keller. Upon suit by Keller, the Kansas judgment was vacated for lack of jurisdiction, which action was affirmed. Misco Leasing, Inc. v. Vaughn, 450 F.2d 257 (10th Cir. 1971). This action on the guaranty was then initiated in Oklahoma, to which Keller filed his counterclaim. Keller denied liability on the guaranty for these reasons: (1) A total lack of consideration, and (2) the execution of the guaranty resulted from unlawful economic duress and coercion. Misco refused to release the Kansas judgment appearing as a cloud on Keller's real property, resulting in a suit to quiet title brought by Keller in the Oklahoma state court necessitating the expenditure of substantial attorney fees and other costs. Keller sought and the trial court awarded him actual damages representing attorneys fees he had incurred in vacating the void judgment, the appeal taken thereupon by Misco and the state quiet title action.

The trial court found that Mr. Ice Inc. had fully performed on its agreement with Misco before the demand was made for the execution of the guaranty and that the guaranty was not part of or within the contemplation of the parties when the lease agreement was consummated. This finding is supported by the evidence. The court also found that in obtaining the execution of the guaranty Misco "did knowingly, willfully, mali-

---

1. The leases were on printed forms prepared for Misco.

ciously and with intent to deceive, misrepresent, and threaten the Defendant . . . to induce him to enter into a void guaranty agreement which resulted in a grave injury to the Defendant; . . ." We think the record as a whole supports this finding. The court concluded that "due to the aggravated circumstances of the fraud, deceit, threat, duress and oppression herein," Keller was entitled to recover certain costs he had incurred together with $10,000 in exemplary damages.

■■ It is true that a guaranty executed contemporaneously with the principal obligation or as a part of the same general transaction does not require separate consideration. 15 Okla.Stat.Ann. § 323 (1966); McMillan v. Lane Wood & Co., 361 P.2d 487 (Okl.1961). Where, as here, the guaranty is found not to be a part of the original transaction and not executed contemporaneously with the principal lease obligation, "there must be a consideration distinct from that of the original obligation." 15 Okla.Stat. Ann. § 323 (1966). And when a guaranty is executed only to avoid a threatened breach of contract, it is voidable. Kizziar v. Pierce, 204 Okl. 51, 226 P.2d 941 (1951); Pacific Industries, Inc. v. Mountain Inn, Inc., 232 F.Supp. 801 (W.D.Ark.1964); 17 C.J.S. Contracts § 177 b. (1963); 13 Williston on Contracts § 1617 (3d ed. 1970).

■ Misco argues that Keller did not sustain an actionable injury. Keller contends that Misco's conduct in breaching the original agreement and in clouding the title to real property owned by him in Oklahoma by the recordation there of the void Kansas federal court judgment constitutes a valid cause of action. The actual damage recovered in the amount of $6,572.13 represents attorney fees and costs incurred by Keller in prosecuting the Kansas proceeding to void the judgment, the appeal taken by Misco therefrom and the state quiet title action. Accordingly, the action is one of slander or disparagement of title, which, in Oklahoma, requires a maliciously false

publication disparaging property owned by the plaintiff, resulting in damage thereto. Prudential Insurance Co. of America v. Bonney, 299 F.Supp. 790 (W.D.Okl.1969); Local Federal Savings & Loan Association of Oklahoma City v. Sickles, 196 Okl. 395, 165 P.2d 328 (1946). We are cognizant that Keller did not denote his claim as one of "slander of title." The substance of his claim and the facts presented established, however, that the action is anchored to the law of slander of title. Rule 8(a), Fed.R.Civ.P. provides that pleadings are to be construed liberally. The purpose of the rule is to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity. Knox v. First Security Bank of Utah, 196 F.2d 112 (10th Cir. 1952). The dimensions of a suit are not determined by the pleadings, Dearman v. Woodson, 429 F. 2d 1288 (10th Cir. 1970); and it is not necessary to allege the particular law or theory under which recovery is sought. United States v. Missouri-Kansas-Texas Ry. Co., 273 F.2d 474 (10th Cir. 1960).

■ Malice, the principal element of the cause of action here and the one most difficult to prove, consists of lack of good faith or probable cause in a title disparagement suit under Oklahoma law. Noble v. Johnson, 180 Okl. 169, 68 P.2d 838 (1937); Keiser v. Kile, 166 Okl. 41, 26 P.2d 194 (1933); Ward v. Mid-West & Gulf Co., 97 Okl. 252, 223 P. 170 (1924). The term, in this context, does not signify hatred or ill will. New England Oil & Pipe Line Co. v. Rogers, 154 Okl. 285, 7 P.2d 638 (1932). The act of filing or recording an unfounded claim against the property of another is sufficient publication to be actionable. 16 Okla.Stat.Ann. § 79 (Supp.1973); Kingkade v. Plummer, 111 Okl. 197, 239 P. 628 (1925). The trial court, in several of its fact findings, referred to the malicious nature of the acts of Misco in dealing with Keller and Mr. Ice. From our review of the record in the light most favorable to Keller, we hold that there is sufficient evidence of malicious and

fraudulent conduct to support the verdict.

The measure of damages to be awarded is the amount necessary to make the damaged party whole and to compensate him for all expenses necessitated by the tortious acts of the wrongdoer. Denco Bus Lines v. Hargis, 204 Okl. 339, 229 P.2d 560 (1951); Midland Valley Ry. Co. v. Barton, 191 Okl. 359, 129 P.2d 1007 (1942).

Normally, under Oklahoma law, attorneys fees are not a proper element of damages. Security Insurance Co. of New Haven v. White, 236 F.2d 215 (10th Cir. 1956); Joy v. Giglio, 208 Okl. 50, 254 P.2d 351 (1953). Here, however, the attorneys fees recovered were not those attributable to the case in chief, but were for the necessary expenses incurred to protect valuable property rights. In addition to attorneys fees and costs that Keller incurred in vacating the void Kansas judgment, the appeal taken therefrom and the state quiet title suit, Keller testified that he could not fulfill a contract because of damage to his credit standing. Under these circumstances, the award of attorneys fees and costs for the prior proceeding is proper. Wilshire Oil Co. of Texas v. Riffe, 409 F.2d 1277 (10th Cir. 1969); Safway Rental & Sales Co. v. Albina Engine & Machine Works, Inc., 343 F.2d 129 (10th Cir. 1965); Security State Bank of Comanche, Oklahoma v. W. R. Johnston & Co., 204 Okl. 160, 228 P.2d 169 (1951).

Misco further contends that the award of $10,000.00 in punitive damages was improper. Under Oklahoma law "[a]n injurious publication is presumed to have been malicious [in bad faith] if no justifiable motive for making it is shown." 12 Okla.Stat.Ann. § 1445 (1961). Furthermore, when there is a reckless and wanton disregard of another's rights, malice and evil intent may be inferred and punitive damages may be awarded. Garland Coal & Mining Co. v. Few, 267 F.2d 785 (10th Cir. 1959); Sunray DX Oil Co. v. Brown, 477 P.2d 67 (Okl.1970); Pennsylvania Glass Sand Corp. of Oklahoma v. Ozment, 434 P.2d 893 (Okl.1967); Tomlinson v. Bailey, 289 P.2d 384 (Okl.1955). When we consider the evidence in the light most favorable to Keller, it clearly supports the trial court's findings of Misco's malicious and fraudulent conduct. Under all of the circumstances evidenced by this record involving the three ice machines, we hold that the trial court did not err in awarding punitive damages. 23 Okla.Stat.Ann. § 9 (1955); Oller v. Hicks, 441 P.2d 356 (Okl.1967); Lenn v. Miller, 403 P.2d 458 (Okl.1965). It is not improper, under Oklahoma law, for punitive damages to exceed actual damages as long as the amount awarded is reasonable and bears some relation to the injury inflicted. Garland Coal & Mining Co. v. Few, *supra*; Walton v. Bennett, 376 P.2d 240 (Okl.1962).

Affirmed.