**Jeff SLOCUM, Appellee,**

v.

**PHILLIPS PETROLEUM COMPANY,
Appellant.**

No. 53937.

Supreme Court of Oklahoma.

Nov. 29, 1983.

Rehearing Denied April 19, 1984.

Sam T. Allen, Sapulpa, for appellee.

Kenneth Heady, C.J. Roberts, Bartlesville, Galen E. Ward and Shelley J. Himel, Oklahoma City, for appellant.

IRWIN, Justice.

Phillips Petroleum Company (Phillips) constructed a pipeline across appellee's (owner's) property without authorization or owner's consent. Owner brought an action in trespass to recover actual and exemplary damages and also sought a mandatory injunction requiring Phillips to remove its pipeline.

Owner recovered a judgment of $5,260.00 for actual damages and $60,000.00 for exemplary damages. The trial court denied owner's request for the mandatory injunction.

Phillips appealed and only challenges the award for exemplary damages. Owner cross-appealed and challenges the trial court's denial of his request for a mandatory injunction requiring removal of the pipeline.

I

The pipeline was constructed on an 8¼ acre lot purchased by owner in March, 1978, for $11,100.00. The lot is located in a woody, rural area and was unimproved. Phillips had a license to use a 35-foot easement running north and south, along the east side of the 8¼ acre lot.[1] Phillips constructed its 460.58 foot pipeline across owner's property parallel to and approximately

3 feet west (outside) the 35-foot easement. Phillips admits that this construction constituted a trespass. However, Phillips contends that such trespass was unintentional because it believed that it had acquired by transfer from its predecessor, Bigheart Pipe Line Corporation, a blanket easement (license) covering owner's property; and it also believed that it had purchased from a previous owner another easement covering owner's property.

The background of the blanket easement relied upon by Phillips is briefly summarized. In 1932 Gulf Pipe Line Company acquired a blanket easement covering an 80 acre tract of land. In 1970 this 80 acre tract was platted as part of the Beelino Addition and Gulf gave a partial release of its easement which reduced the 80 acre blanket easement to a 35-foot easement running north and south along the east side of the 80 acre tract. This partial release was not listed in the County Clerk's tract index for the Beelino Addition, but was listed in its section index. Owner's lot is in Beelino Addition and is part of the 80 acre tract.

In 1973, Gulf transferred its original blanket easement to Sun Pipe Line Company and Sun transferred it to Bigheart Pipe Line Corporation. In 1974, Phillips purchased 46 miles of pipeline from Bigheart for use as a trunk line. This trunk line is located on the 35-foot easement. The 460.58 foot pipeline constructed across owner's property is part of a new 52 mile pipeline constructed by Phillips to replace the old trunk line.

The transfer from Gulf to Sun to Bigheart transferred the entire 80 acre blanket easement and no mention was made of the partial release. The bill of sale and assignment of the license to use the blanket easement by Bigheart to Phillips did not mention the partial release and Phillips' in-house records did not disclose it.

---

**1.** Phillips' predecessor in title owned the 35-foot easement and transferred only a license to Phillips. The trial court found that Phillips would have had the right to construct and maintain the pipeline involved here within the 35-foot easement. Owner does not challenge this finding on appeal.

Owner alleged Phillips first entered his property on or about May 8, 1978. Owner testified that he first learned that Phillips had driven a bulldozer over his property the day after it had happened and he drove out to see what was going on two or three days later. The ditch for the pipeline had not been dug. His second visit was about a week later and at that time the ditch had been dug but he did not know at that time whether the ditch was on or a little off the 35-foot easement. Phillips did not contact him and he did not contact Phillips. Owner did contact his lawyer and this action was filed on June 15, 1978.

Owner's deed to his lot was filed for record on June 29, 1978, which was 14 days after this action was filed. The purchase money mortgage was filed for record on March 20, 1978. Phillips' right-of-way agent testified that he had checked the indexes in the County Clerk's office and the mortgage was not recorded there. He was of the opinion the recording clerk missed listing the mortgage in the indexes and he knew of no way that he could find the existence of the mortgage if it had not been listed in the indexes. Although the mortgage was actually recorded in the County Clerk's office, owner made no attempt to refute the testimony that the mortgage was not listed in the indexes.

The evidence in reference to Phillips' belief that it had purchased an easement from a previous owner is briefly summarized. Phillips' trunk line, which was within the 35-foot easement, was 46 miles in length. This pipeline had to be maintained and repaired and in some instances, new pipe had to be laid.

When Phillips first started its maintenance and repair project, it had planned to purchase new easements for the new construction outside its 46 mile easement and use its old easements whenever possible. After the project had progressed, it became apparent that the old line should be replaced in its entirety and Phillips started buying easements in its own name. This proposed new construction increased the overall length of the pipeline to 52 miles.

Owner's lot is in Beelino Addition which was platted by a Mr. Crews. A right-of-way man (a Mr. Bryant) was employed by Phillips to obtain right-of-ways and he negotiated with Mr. Crews to obtain an easement across part of Beelino Addition. Mr. Crews granted easements covering certain parts of Beelino Addition, but for some unknown reason, Block Five, in which owner's lot is located, was marked "bought", even though Mr. Crews had already sold the lot and had not granted an easement.

Phillips' agent testified that the ownership records were searched by a Phillips' "contract" employee but when the "contract" employee checked the records Phillips did not intend to construct a new pipeline but to repair the old one, so the record for owner's property was not checked. Had Phillips not changed its plans, Phillips would not have constructed a new pipeline across owner's property. He also testified that when Phillips decided to build a new 52 mile pipeline and he came upon the Beelino Addition in which owner's lot was located, since it was marked "bought", no one checked it for ownership. Phillips' agent testified that it was his error but that the plat listed Beelino Addition in care of Crews and Phillips had already acquired an easement from Crews.

The testimony on behalf of Phillips was that it intended to acquire a new easement in its own name for the entire 52 miles and that it had acquired all the easements except across owner's lot. Phillips' agents testified that if Phillips was unable to negotiate an easement that it would re-route its proposed route and that it did not intend to trespass on anyone's land.

There is testimony that a Mr. Pile, who owned property to the south of owner's property, negotiated an easement with Phillips' agent after Phillips had moved on his property. Mr. Pile had told Phillips' agent that it had no right on owner's property. There is also testimony that Mr. Crews told Phillips' agent of the partial release of the blanket easement when Phillips was negoti-

ating for an easement across part of Beelino Addition.

Title 23 O.S.1981 § 9 provides:

"In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

■■■ To entitle a plaintiff to recover exemplary damages in an action sounding in tort, the proof must show some elements of fraud, malice or oppression. The act which constitutes the cause of action must be actuated by or accompanied with some evil intent, or must be the result of such gross negligence—such disregard of another's rights—as is deemed equivalent to such intent. *Dilworth v. Fortier*, 405 P.2d 38 (Okl.1964) and *Edwards v. Lachman*, 534 P.2d 670 (Okl.1974). Exemplary damages are allowed only in cases where fraud, oppression, gross negligence or malice, actual or presumed, enter into the cause of action, but a person may commit such willful acts in reckless disregard of another's rights that malice may be inferred. *Oden v. Russell*, 207 Okl. 570, 251 P.2d 184 (1952).

■■■ A party asking for exemplary damages has only an incidental personal interest. His recovery is whole and complete with actual damages. Exemplary damages, as a tool to deter the wrongdoer, is for society's benefit and not the litigating party's. Exemplary damages are allowed after the trier of the fact determines the guilt of the transgressor of acts not tolerated by society. Exemplary damages are highly penal and punishment thereof should not be lightly imposed. *Cox v. Theus*, 569 P.2d 447 (Okl.1977).

Owner has recovered actual damages for the trespass and such damages are not an issue on appeal. The only question concerning damages is whether there was sufficient competent evidence to submit the issue of exemplary damages to the jury.

■■■ Although Phillips may have been negligent in not ascertaining who owned the 8¼ acre lot in question, there is no evidence whatsoever that would support a finding that Phillips, or any of its agents, knew that owner owned or had any interest in the 8¼ acre lot prior to the time suit was filed on June 15, 1978. It necessarily follows that Phillips could not be guilty of oppression, fraud or malice, actual or presumed, against owner as an individual. If Phillips were guilty of such conduct, it was against the owner of the property whomever it might be.

Phillips' agents testified that Phillips had obtained right-of-way easements for the entire 52 mile pipeline. There is nothing in the record to dispute this testimony. If Phillips were guilty of oppression, fraud or malice in constructing the pipeline approximately three feet outside the 35-foot easement, such guilt must be presumed from Phillips' conduct because there is no evidence that Phillips' conduct was actuated by or accompanied with some evil intent or that its conduct was malicious.

■■■ Owner does not challenge the trial court's determination that Phillips would have had the right to construct and maintain its pipeline within the 35-foot easement. In examining the entire record, we can only conclude that Phillips was acting in good faith and was of the opinion it was acting within its rights. It used no force or stealth and entered owner's property under a belief that it had the right to enter. There is no evidence of fraud, malice or oppression and Phillips' acts were not actuated by, or accompanied by, an evil intent, or the result of gross negligence. We, therefore, conclude and hold that the evidence was insufficient for the trial court to submit to the jury the question of exemplary or punitive damages and the judgment herein should be modified accordingly. See *Cooperative Refinery Association v. Young*, 393 P.2d 537 (Okl.1964).

II

Owner's contention that the trial court erred in refusing to grant him a mandatory

**720**

injunction requiring Phillips to remove its pipeline may not be sustained.

Although Phillips may have been negligent in constructing its pipeline on owner's property and committed a trespass, Phillips' trespass was unintentional. Owner's use of his property has not been substantially affected and his damages are fairly compensable. The cost of removing the pipeline would be substantial and cause a hardship and it would be unconscionable to require Phillips to remove the pipeline. See *Kasner v. Reynolds*, 268 P.2d 864 (Okl. 1954). The trial court properly denied owner's application for a mandatory injunction requiring Phillips to remove its pipeline.

## III

The judgment of the trial court awarding $5,260.00 for actual damages affirmed; the judgment awarding $60,000.00 for exemplary damages reversed; and the judgment denying owner's application for a mandatory injunction requiring Phillips to remove its pipeline is affirmed.

BARNES, C.J., SIMMS, V.C.J., and LAVENDER and OPALA, JJ., concur.

DOOLIN, HARGRAVE and ALMA D. WILSON, JJ., concur in part and dissent to that part of the opinion disallowing punitive damages.

HODGES, J., concurs in part and dissents in part. Justice HODGES would affirm an award for punitive damages but would require a remittitur.