Neil HAMILTON and Meda Lavena
Hamilton, Appellees,

v.

AMWAR PETROLEUM COMPANY,
INC., Callon Petroleum Company and
Call Drilling Fund 1982–A, Appellants.

No. 65857.

Supreme Court of Oklahoma.

Jan. 31, 1989.

Rehearing Denied March 7, 1989.

Robert N. Barnes, Randall J. Wood, B. Don Barnes, Stack & Barnes, P.C., Oklahoma City, for appellants.

H.B. Watson, Jr., Sharon Taylor Thomas Watson & McKenzie, Oklahoma City, for appellees.

HARGRAVE, Vice Chief Justice.

The Hamiltons brought this action alleging an oil and gas lease covering their mineral interest in the SW/4 of Section 17, T10N, R12W of their interest in minerals had expired under its express terms. The Hamiltons sought a decree cancelling the lease and quieting their title in the mineral estate. Plaintiffs also sought actual damages and punitive damages for willful and malicious refusal on the part of the defendant to release the lease.

The cancellation issue was tried to the court and the court found that the lease had terminated. The actual and punitive damage issues were submitted to a jury which awarded plaintiff $150,000 actual damages and $700,000 punitive damages. The defendants' appeal, contesting the trial court's determination that the lease expired at the end of the primary term. The defendants also appealed the issue of damages.

■ Briefly stated the facts developed at trial show that the Henry Clay No. 1–17 was completed in the Britt in December of 1982 prior to the expiration of the primary term on February 26, 1983. Before the expiration, the well experienced a mechanical failure, collapse of the well casing, and attempts to repair it were futile. In December of 1983 the well was plugged as a dry hole. Prior to plugging and after the expiration of the primary term a notice of intent to drill the Stevens No. 1–17 was filed with the Corporation Commission.

In a letter dated November of 1983 plaintiffs informed defendants the lease had expired and demanded a release be filed of record. Defendants concluded there had been no permanent cessation of production and declined to release the lease, which they stated was in full force and effect.

The defendants' position at trial was that under the 90–day cessation of production clause their lease was extended beyond the primary term by reworking operations on the Henry Clay well and thereafter by the drilling and completion of the Stevens well. Plaintiffs' position was that there was no cessation of production from the Henry Clay well as there was no production at the expiration of the primary term or at any time thereafter from the Henry Clay.

Plaintiffs' witnesses testified the Henry Clay well was never capable of production in paying quantities because of poor permeability. Defendants' witnesses stated the well was capable of production at the time of completion, but not upon the expiration of the primary term. The trial court concluded the well was not capable of production in commercial quantities at the end of the primary term or thereafter, and that determination is not clearly against the weight of the evidence. The trial court's determination the lease terminated is thus AFFIRMED.

The Court of Appeals held there was sufficient evidence in the record to support submission of an instruction on actual damages to the jury, and thus the actual damage award was not disturbed. The appellate court held the punitive damages award was unsupported by the evidence and should not have been submitted to the jury. Certiorari was granted to examine the determination that "the malice presumed under the evidence, while enough to support a verdict for actual damages does not rise to the level of actual malice necessary to recover punitive damages".

This Court first examined the nature of the malice required to recover actual damages in a slander of title action in *Dixon v. McCann*, 87 Okl. 109, 206 P. 597 (1922). There the defendant raised as error the refusal of a requested instruction to the effect that liability for failure to release a lease would not attach unless the jury found the defendant refused to release the lease willfully and with the intent to injure the plaintiff. This Court refused to sanction such an instruction as a proper statement of the law. In so doing, the Court stated:

> "The question of malicious intent is not an essential element in a case of this kind for damages under a statute of this kind, which imposes a duty to execute a release. It no doubt would be if it was intended to punish one for the wrong or to recover exemplary damages, but not when seeking to recover actual damages suffered. The reason for the statute is apparent for the reason an oil and gas lease that is unreleased is a cloud upon the title...." *Dixon, supra*, 206 P. at 599.

In *Crosbie v. Absher*, 174 Okl. 593, 51 P.2d 970 (1935), it was recognized that 1931 O.S. § 10935 (a predecessor of 41 O.S.1981 § 40)[1] is another cumulative remedy available to the lessor's previously existing civil cause of action for damages. As such, the statute's 60–day period allowed for filing of the demanded release does not limit the bringing of a civil action for damages to instances where the release was not filed within that period. In discussing the civil cause of action, the Court stated again that a lease subject to forfeiture is a cloud upon the title of the landowner and may be used by the lessee to prevent the landowner from executing a new lease. The Court

noted the peculiar condition of the oil and gas business is that a lease may today be worth thousands of dollars and worthless in thirty days. While the landowner may sue to quiet title, the lease may be worthless when that procedure is accomplished. Therefore, when the defendants' interest in the lease terminated and they failed or refused to release after demand, the refusal would be unlawful. If that refusal results in actual damages a cause of action arises independent of the penal statute for the damages accrued.

By the time of promulgation of the case of *Keiser v. Kile*, 166 Okl. 41, 26 P.2d 194 (1933), the Court was settled in its determination of the malice showing necessary to sustain a cause of action. The language from *Ward v. Mid–West and Gulf Company*, 97 Okl. 252, 223 P. 170 (1924), was quoted as the first Court syllabus of *Keiser, supra*, as follows: "Malice or want of good faith and want of probable cause are essential elements of the action of slander of title, and damages cannot be recovered where it appears that such element is absent...." In the body of the opinion in *Keiser, supra*, the Court said: "We observe that under the holding of this court in the Ward Case it is necessary that defendant act maliciously or that his conduct shows lack of good faith and want of probable cause before plaintiff can recover...." Under such a ruling actual malice is sufficient to make a prima facie case, but it is not a required showing, for want of good faith of lack of probable cause is sufficient to establish a prima facie case. This distinction was further explained in *New England Oil & Pipe Line Company v. Rogers*, 154 Okl. 285, 7 P.2d 638 (1932), where the court stated it is not necessary

1. Okla.Sess.Laws 1915, Ch. 248 § 1, the ancestor of 41 O.S.1981 § 40, which reads as follows: When any lease on land heretofore or hereafter taken shall have become forfeited, it shall be the duty of the lessee, his, her, or their heirs, successors, assigns or legal representatives, within sixty (60) days from date of forfeiture of any and all other leases, to have such leases released from record in the county where such land is situated, without cost to the owner or owners thereof; and upon failure to make such release, the owner or owners of the land under lease

may notify in writing the holder of the record title to such lease, that the same has become forfeited and demand a release of record of such lease, as herein provided; and if the owner or holder of such lease, or the officer, agent, or other persons whose duty it is to release such lease, shall fail or neglect to release same within thirty days after demand to release has been made in writing, he shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not exceeding one hundred dollars.

to show either ill will or hatred toward the owner of the land.[2] Thus, malice as the term is used in an action for slander of title in this jurisdiction encompasses lack of good faith and probable cause. *Noble v. Johnson,* 180 Okl. 169, 68 P.2d 838 (1937). This fact has been noted more recently in *Misc. Leasing, Inc. v. Keller,* 490 F.2d 545 (10th Cir.C.A.Okl.1974). Our later cases have not disturbed the precept announced in these cases.

Malice, as the term is used in an action to recover punitive damages, signifies a standard of conduct more culpable than that necessary to recover in a slander of title action. Therefore, instances such as that now considered may arise where recovery of actual damages in a slander of title action is warranted by the evidence and the proof will not support an award of punitive damages.

■ Exemplary damages may be awarded by the jury in Oklahoma under 23 O.S. 1981 § 9 (since amended, see 23 O.S.Supp. 1986 § 9) in any action for breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, actual or presumed. The conduct necessary to entitle one to recover punitive damages must be of a flagrant nature. To entitle a plaintiff to recover exemplary damages the proof must show some element of fraud, oppression or actual malice. The act comprising the cause of action must be actuated by, or must be accompanied with, some evil intent or must be the result of such gross negligence or disregard for another's rights as is deemed equivalent of such an intent. *Cooperative Refinery Association v. Young,* 393 P.2d 537 (Okl.1964), *Dilworth v. Fortier,* 405 P.2d 38 (Okl.1965) and *Keener Oil & Gas Company v. Stewart,* 172 Okl. 143, 45 P.2d 121 (1935). In cases where there is no direct evidence of fraud, actual malice or gross negligence, punitive damages are allowed only where there is such a reckless and wanton disregard of another's rights that malice and evil intent

may be inferred. *Slocum v. Phillips Petroleum Company,* 678 P.2d 716 (Okl. 1983), *Sunray DX Oil Co. v. Brown,* 477 P.2d 67 (Okl.1970) and *Gulf Oil Corp. v. McCoy,* 416 P.2d 948 (Okl.1966).

■ Malice, as required in a slander of title action requires a showing of lack of good faith and absence of probable cause, without more. Contrarily, the malice spoken of in 23 O.S.1981 § 9, as a prerequisite for an award of punitive damages contemplates actual evil intent, ill will or hatred, fraud or oppression. In the absence of actual evil intent, ill will or hatred, the showing necessary to support punitive damages requires the action taken be done in a wanton and oppressive manner, in a conscious disregard of the rights of another so as to be deemed the equivalent of actual evil intent to injure the rights of another. *Slocum v. Phillips Petroleum Co.,* 678 P.2d 716 (Okl.1983), *Smith v. Johnson,* 591 P.2d 1260 (Okl.1978) and *Chavez v. Sears, Roebuck and Company,* 525 F.2d 827 (10th Cir.C.A.Okl.1975). Thus, the showing of malice required to prevail in a slander of title action and that needed to submit a punitive damage question to the jury differ enough that a prima facie showing in a slander of title action, without more, is not determinative of an adequate showing for submission of a punitive damage issue to the jury.

■ To recover damages for slander of title the plaintiff must show actual malice or want of good faith and probable cause in the refusal to release. This showing is not necessarily sufficient to sustain a punitive damage award. Actual malice, ill will, or hatred is not an essential element of proof in a slander of title action. Showings necessary for a punitive damage award require a higher standard of culpability, i.e., fraud oppression or malice which is accompanied with some evil intent or recklessly wanton conduct as is deemed its equivalent in the law. There is no competent evidence the conduct here examined is tainted with actual fraud, oppression or

---

**2.** See also *Zehner v. Post Oak Oil,* 640 P.2d 991 (Okl.Ap.1981) and *McDowell v. Glasscock,* 672 P.2d 682 (Okl.App.1983).

malice, and the conduct disclosed by the record is not such that discloses an evil intent by which malice could be inferred.

The judgment of the trial court cancelling the lease and assessing actual damages is AFFIRMED. While the judgment awarding punitive damages is REVERSED.

OPALA, V.C.J., and SIMMS, DOOLIN and SUMMERS, JJ., concur.

LAVENDER, ALMA WILSON and KAUGER, JJ., concur in part and dissent in part.

HODGES, J., disqualified.